# CHARLESTON.

## STATE v. LOCKE.

Submitted February 18, 1914.   Decided March 24, 1914.

1. CRIMINAL LAW—*Limitation—Accrual of Liability—Offense by Attorney.*
   Cause for a criminal prosecution against an attorney under the provisions of §11, ch. 119, Code, matures at the expiration of six months from the receipt of the money, unless, within that period, the client demands payment thereof, in which event cause therefor matures upon demand. (p. 714).

2. SAME—*Limitation—Effect to Bar Prosecution—Offense by Attorney.*
   Such prosecution is barred, after one year from the date cause therefor arose. (p. 714).

3. SAME—*Limitations—Suspension.*
   Demands made after the lapse of the six months fixed by §11, ch. 119, do not suspend the operation of the statutory bar. When it begins, it continues to run until the limitation period becomes complete. (p. 715).

Error to Circuit Court, Pleasants County.

H. P. Locke was convicted of failing, in violation of Code, ch. 119, §11 (sec. 4709), to pay over money to his client, and brings error.

*Reversed.*

*William Beard,* for plaintiff in error.

*A. A. Lilly,* Attorney General, and *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for the State.

LYNCH, JUDGE: .

H. P. Locke was convicted on an indictment charging that, as an attorney at law, he collected for and unlawfully withheld from his client, Ada Newland, certain sums of money aggregating $225, which he refused to pay to her on demand or after the expiration of six months from the date of the last collection. The indictment was drawn pursuant to the provisions of §11, ch. 119, Code, which are that "if any attorney receive money for his client as such attorney, and fail to pay the same on demand, or within six months after receipt thereof,. without good and sufficient reason for such failure, it may be recovered from him by suit or motion, and damages in lieu of interest not exceeding fifteen per centum per annum until paid may be awarded against him; and he shall be deemed guilty of a misdemeanor, and fined not less than twenty nor more than five hundred dollars".

Of the several errors assigned, only one demands discussion, for, if it is tenable, others need not be considered. Conceding the relation of attorney and client well pleaded and fully established by proof, and that pending its existence defendant collected for his client the amount averred, the dominant issue is, was the prosecution "commenced within one year next after there was cause therefor", as required by §10, ch. 152, Code, relating to misdemeanors except petit larceny? Section 11, ch. 119, declares the offense charged a misdemeanor. Without a declaration to that effect, it must be so deemed and held; because "offenses are either felonies or misdemeanors. Those punishable with death or confinement in the penitentiary are felonies; all other offenses are misdemeanors". §1, ch. 152, Code. Being a misdemeanor, prosecution therefor should have been commenced within one year next after there was cause therefor. When was there such cause?

The last of the several items received by defendant for his client was paid to him on December 29, 1909. That is ad-

mitted; the evidence for the state establishes it. The defend-
ant was indicted in January, 1912, more than two years after
the date of the last collection. However, under the terms of
the statute, cause for the prosecution did not accrue until
after demand on defendant by the client, or until the expira-
tion of six months after receipt of the money by him in the
event no demand was made on him at an earlier date.   This
appears from the very language of the statute. In fact, it is
the only reasonable construction of which it is susceptible.

The statute does not require demand. But it permits an
abbreviation of the six-months' period of grace allowed an
attorney for payment to his client of money collected, by a
demand for speedy payment. Without such demand, he may
withhold payment during the entire six months, and not incur
any criminal liability. Even prior to the enactment, an
attorney had a reasonable time within which to forward col-
lections made by him for the client. One purpose, at least
one effect, of the statute, therefore, was definitely to fix a time
beyond which he could not with impunity longer withhold
from his client funds to which she was entitled; and, lest
this period of grace might under some circumstances be
deemed unreasonably long, it provided a method by which it
might be shortened, the method being by demand for speedy
payment. It does not, when properly construed, together
with §10, ch. 152, mean that, by demand, cause for a prose-
cution against a delinquent attorney may be indefinitely
prolonged or postponed; but that either upon demand or the
expiration of the period named therein, whichever should
first happen, liability to a criminal prosecution accrues, and
from that time the statute of limitations begins to run as to à
proceeding by indictment.

The conclusion is therefore irresistible that, by the terms
of the one year statute of limitations, applicable alike to all
prosecutions for misdemeanors except as otherwise expressly
porvided by law, the indictment against the defendant can not
be maintained, because barred unless it was returned by the
grand jury within one year after June 29, 1910, or not later
than June 29, 1911. But it was not returned until in Janu-
ary, 1912.

The State, however, insists that the client, by demands

from time to time after termination of the six-months' period, may defer the date at which the statute of limitations begins to run. That interpretation does not accord with the views of this court. No demand having been made within six months from December 29, 1909, the statute of limitations began to run before any demand for payment was made. It is a rule of general application, especially in criminal prosecutions, that, when once begun, the statute of limitations does not cease to run, but continues uninterrupted save only by indictment. When a cause of action accrues to a party capable of suing, or where there is cause for a criminal prosecution, the statute begins to run unless prevented by some exception to the statute, and after it has commenced to run it can not be interrupted by the happening of any subsequent event or disability, as death, coverture, infancy, etc. *Mynes* v. *Mynes,* 47 W. Va. 681; *Rowan* v. *Chenowith,* 49 W. Va. 287. Even when there are definitely expressed exceptions, they refer only to those which existed at the time the right of action or the cause for the prosecution first accrued, and not to those of the same general character thereafter arising. To this rule the exceptions are few, one being where the offense charged is continuous as in the case of an obstruction in a public highway, because every day's continuance is a new offense. *State* v. *Railroad Co.,* 50 W. Va. 235. The charge against the defendant comes within no exception expressed in the statute or implied therefrom or under any judicial construction. Its enactment subsequent to the statute of limitations does not absolve it from the effect of the bar. Bish. Stat. Crimes §§87, 126; *Johnson* v. *United States,* 13 Fed. Cas. No. 7418, 3 McLean 89; *United States* v. *Ballard,* 24 Fed. Cas. No. 14507, 3 McLean 469. Also such statutes are to be construed and applied liberally, when the offense charged falls within the terms and purpose of the statute. Bish. Stat. Crimes §259; 12 Cyc. 254.

No authority is cited, and after diligent search we believe none can be found, to support the proposition, urged by the state, that the operation of the statute may be deferred from time to time by repeated demands upon the attorney for payment, even subsequent to the expiration of the six-months' period allowed by § 11, ch. 119. It indirectly antagonizes the

authorities. cited as to the continuous operation of the statutory bar when once begun. But it also directly conflicts with the decision in the cases of *State* v. *Mason,* 108 Ind. 48, and *State* v. *Ensley,* 97 N. E. (Ind.) 113. The Mason case holds that under the statute of limitations a prosecution for embezzlement of public funds by a public officer should have been begun within two years after the expiration of his term, and that the allegation of demand and refusal subsequent to that time would not take the indictment out of the operation of the statute.

The statute of limitations begins to run against a prosecution for embezzlement by a public officer from the date of the commission of the offense, and not when he failed or refused to pay to his successor on demand. *Weimer* v. *People,* 186 Ill. 503, cited and approved in *Baschleben* v. *People,* 188 Ill. 265. Whenever the act or series of acts necessary to constitute a criminal withholding of money collected by an attorney for his client have transpired, the crime is complete, and from that day the statute of limitations begins to run. *U. S.* v. *Irvine,* 98 U. S. 450. In the case cited, the indictment charged that the client demanded of the defendant a sum of money which he as her agent and attorney had collected and received from the United States on account of pension awarded to her, and that he then and continuously thereafter wrongfully withheld it from her. Held, that the crime was not a continuous one, so as to prevent the statute of limitations running against it. These authorities announce and apply the true rule as to the time at which, in any view, the statute began to run against the prosecution in the case now under consideration—June 29, 1910. Whence the conclusion that it was barred one year thereafter, on June 30, 1911, more than six months prior to the finding of the indictment against the defendant.

For reasons stated, the judgment will be reversed, the verdict set aside, and the accused discharged from further prosecution.

*Reversed.*