ELBERT CRAIG, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

## 455 S.W.2d 190.

Court of Criminal Appeals of Tennessee. Feb. 27, 1970.

Certiorari Denied by Supreme Court July 6, 1970.

George W. Carpenter, Chattanooga, for plaintiff in error.

David M. Pack, Atty. Gen., Arnold Peebles, Jr., Asst. Atty. Gen., Nashville, Edward E. Davis, Dist. Atty. Gen., John Jerry Foster, Asst. Dist. Atty. Gen., Chattanooga, for defendant in error.

## OPINION

HYDER, Judge.

This is an appeal from a conviction of murder in the second degree with resulting sentence of ten to fifteen

years in the penitentiary. The defendant is indigent and represented by appointed counsel.

On September 12, 1968, a Chattanooga City detective found Raeburn Earl Kettle mortally wounded and lying on the floor of his apartment. The victim told the detective that he knew that he was dying. He said that a young colored man had come to his apartment and said that he wanted his money, that he had tried to close his door and the colored male shot through the door and the bullet struck him in the right breast. He was taken by ambulance to the hospital where he lived for about an hour. The Medical Examiner, who performed an autopsy on the body, testified that the bullet which entered the right chest had entered the aorta causing death.

In the investigation of this crime the defendant was picked up and, after being advised of his rights, he was questioned. He was then released. On September 16, 1968, the defendant was again picked up for questioning. After being advised of his rights, and after the defendant had signed a form waiving his right to have an attorney present and agreeing to make a statement, the defendant did make a statement to the police. His statement was written down by typewriter and he signed it. In the statement the defendant said that he had met the victim, on the afternoon of the homicide as they passed on the street and the deceased, whom he did not know, had asked him if he wanted a drink. He intimated that the deceased was homosexual; and he said that the victim invited him to come up to his apartment. He said that the deceased was a stranger to him and that he told him how to find his apartment. Later that evening, he said, he went to the address and when he approached the door

it was suddenly jerked open by the deceased and for some unknown reason he fired the pistol through the door. He said that he was holding the pistol in his left hand.

The defendant took the witness stand in his own behalf and related a somewhat different version of his visit to the apartment. He testified that he met the deceased on the street and he offered him a drink. Later, according to his testimony, he went to the victim's apartment. The victim just talked a lot "about wanting me, just telling me that he wanted me, that's all" and he said that the deceased was homosexual. He stated that the victim didn't want him to leave and they got to scuffling and Mr. Kettle pushed him out the door. He testified that after Mr. Kettle pushed him out the door "I just turned around, just turned around and shot him." Later in his direct examination he stated that after the door was closed "I turned around and shot back, without knowing it, turned around to scare him."

The Chattanooga police recovered a .22 pistol from a service station attendant who testified that he had bought it and thirteen shells from the defendant on September 14, 1968. The bullet which was removed from Mr. Kettle's body was too badly mutilated to determine whether it was fired by the same pistol. The proof showed that there was one hole through the door of the apartment.

 The defendant has filed four assignments of error with this Court. First, he contends that the trial court erred in admitting into evidence the statement and/or confession of the defendant.

After the jury was selected, and before any proof was presented to the jury, counsel for the defendant, out of

the presence of the jury, moved the court to suppress the statement or confession given by the defendant to the detectives. He stated that the statement was obtained illegally and in violation of the defendant's Constitutional rights. The trial judge held a lengthy hearing on the motion at which time several witnesses including the defendant were heard. The trial judge ruled that the statement was freely, voluntarily and understandingly made after he had been properly advised of his rights and after he had understandingly waived those rights. Defendant now complains that this ruling by the trial judge was error.

We are impressed with the care and attention which the police officers gave to the taking of a statement from the defendant. It is crystal clear from this record that they advised the defendant properly concerning his legal and Constitutional rights to remain silent and to have counsel; and they had the defendant sign a statement that he had been so advised and that he understood and waived those rights. He implied that he only talked to them because they had a "pipe" or "rubber hose" which he feared; but this theory was emphatically denied by all of the officers. The warnings given conform to the mandate of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The determination by the trial judge that the statement was freely and voluntarily made and was admissible can not be disturbed in the absence of evidence in the record which preponderates against such finding. Lloyd v. State, Tenn., 440 S.W.2d 797. There is no merit to the assignment of error.

The defendant asserts that the verdict of guilty of second degree murder was not supportable under the

evidence and was against the weight of the evidence. '

Finding that the defendant killed the deceased with a pistol, which he admitted in his own testimony, the law presumes murder in the second degree. Witt v. State, 46 Tenn. 5. There was no competent evidence presented by the defendant of justification or mitigation. McClain v. State, Tenn. Cr. App., 445 S.W.2d 942. It is difficult indeed to convince a jury that one is justified in shooting through a closed door even if the person immediately inside was proven to be homosexual. This seemed to be the theory of the defendant as justification or mitigation for the shooting, and the jury did not accept it; possibly because of the dying declaration of the victim, which was introduced into evidence without objection. Certainly the defendant can not successfully contend that the admission of the dying declaration was error since it was not objected to and it was not cited as error in his motion for a new trial. Anderson v. State, 207 Tenn. 486, 341 S.W.2d 385.

In overruling the assignment of error addressed to the evidence, we reiterate what this Court and the Supreme Court has said so many different times in so many different ways, that a finding of fact by a jury, approved by the trial judge, is binding on a reviewing court unless the evidence preponderates against the verdict. See McBee v. State, 213 Tenn. 15, 372 S.W.2d 173.

When the defendant was brought to the City Court for a preliminary hearing he escaped and ran up Market Street to the top of a building. He was apprehended by the officers. On cross examination the prosecuting attorney questioned him about this escape and the

trial judge allowed the questions over the defendant's objection. This is now assigned as error. It is asserted that this escape took place five days after the alleged homicide and that to allow it to be related to the jury was prejudicial to the defendant.

This testimony was admissible. This issue is discussed well in 22A C.J.S. Criminal Law § 625(b), which says:

"Flight after the commission of a crime is generally admissible, regardless of the time or stage in the proceedings when the flight occurs. While evidence of immediate flight is generally relevant in a prosecution for a criminal offense, even though no accusation, or formal accusation has been made, it is not necessary that the flight occur immediately after the perpetration of the crime. It may be shown that accused fled the jurisdiction before the filing of formal charges, or before arrest, or after the finding of the indictment against him, or after arrest."

Then in 22A C.J.S. Criminal Law § 631:

"As tending to show guilt, consciousness of guilt, or knowledge, evidence is generally relevant which shows that after accused was taken in custody he escaped, attempted to escape, or prepared to escape."

"The fact that a substantial period of time has elapsed between the beginning of the custody and the escape or attempted escape does not render evidence as to escape too remote, and escape from custody may be shown even though the prosecution has introduced evidence to show the flight of accused prior to the time he was taken into custody."

The few questions asked on this subject were proper, and we overrule the assignment of error.

■ The defendant moved that the trial court allow him to take the depositions of the witnesses listed on the indictment as part of his investigation of the case. The trial court denied this motion and this denial is now cited as error. In his brief the defendant contends that his counsel contacted the witnesses for the State prior to the trial and they would not give him any information. He cites T.C.A. § 40-2428 as authority for his request for the taking of the depositions. This statute does not give the defendant the right to take discovery depositions.

■ ■ There is no authority in the State of Tennessee for the taking of discovery depositions of witnesses in criminal cases. Certainly T.C.A. § 40-2044 gives to the defendant certain rights of discovery in a criminal case, but this statute does not include the right to take discovery depositions of the State witnesses. The common law recognized no right to discovery in a criminal case. There is no merit in the defendant's contention that the trial judge erred in denying this motion.

We have considered all assignments of error and they are overruled. We find no error in this record.

Our genuine appreciation is expressed to appointed counsel for capably representing the defendant.

The judgment of the trial court is affirmed.

WALKER, P. J., and DWYER, J., concur.