**John Lee CHAPPLE, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

June 30, 1975.

Certiorari Denied by Supreme Court Sept. 8, 1975.

Edward A. Love, Chattanooga, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., David L. Raybin, Asst. Atty. Gen., Nashville, Steven M. Bevil, Thomas J. Evans, Asst. Dist. Attys. Gen., Chattanooga, for defendant-in-error.

OPINION

DWYER, Judge.

From a conviction of robbery with a deadly weapon, see T.C.A. 39–3901, with punishment of confinement for 15 years, three questions are presented by court appointed counsel that the conviction was contrary to the law. The questions are: (1) that the arrest being illegal, all evidence flowing therefrom should have been suppressed on motion; (2) that the lineup was unfair; and (3) that admission of evidence of escapes by the trial court was error.

The evidence reflects from our review that the plaintiff-in-error, referred to hereafter as the defendant, armed with a pistol, robbed the Handy Andy Pantries food store

located on Tennessee Avenue in Chattanooga around 10:00 p.m. on May 21, 1974. The sum of $103.00 was taken from the cash register drawer, and two pocketbooks, containing approximately $6.00 each, were taken from the female cashiers. The holdup brought a prompt response by the police and a description of the holdup men was obtained from the two female cashiers. Both cashiers described the defendant as having unusually small, slanted, oriental type eyes.

Two days after the holdup, one of the officers who had received the description saw the defendant in an automobile and immediately connected him with the robbery. This connection was made because of the defendant's unusual eyes and because of knowing the defendant from having seen him in the neighborhood of the store. He effected the arrest thereon of the defendant with his being identified by both victims in a lineup that day.

During a recess in the trial the defendant fled from the courthouse and was apprehended some blocks away and returned to the courtroom. This escape attempt, as well as an escape attempt prior to trial, was introduced into evidence over objection.

The defendant did not testify but offered proof recalling state's witnesses to show a discrepancy in the testimony of the victims as to who went into the lineup room first.

■ We think the arrest was legal and based on probable cause: (a) the officer knew defendant before the holdup by seeing him on the streets; (b) when he received the description, in particular, the reference to the small, slanted, oriental type eyes, he related it was indelibly etched in his memory; (c) when he saw the defendant two days later and recalled the unusual eyes, there was no doubt in his mind that the defendant was responsible for the holdup. We think these facts as outlined in (a), (b), and (c) are sufficient to support a "probable cause" for the arrest, see *Greer v. State*, 2 Tenn.Cr.App. 407, 443 S.W.2d 681, 683, 684, 685. This assignment is overruled.

■ There was a full hearing out of the presence of the jury on the motion to suppress the lineup identification in which the two victims, the officer holding the lineup and the defendant testified. True, there may have been a discrepancy in the order in which the victims entered the lineup room which would not be controlling. The trial court, on the full hearing and argument of counsel, found no suggestive measures were employed and that the lineup was fair. On matters of this kind, his decision should not be overturned here unless the evidence preponderates against his ruling, see *Mitchell v. State*, 3 Tenn.Cr.App. 153, 458 S.W.2d 630, 633. The burden is upon the defendant to show that the evidence preponderates against that ruling. He has not carried that burden. We think the evidence supports his ruling that the lineup was fair. The assignment is overruled.

■ It is conceded by the defendant in his last assignment of error that evidence of escape is competent, see *Mitchell v. State*, 3 Tenn.Cr.App. 153, 458 S.W.2d 630, 633; *Craig v. State*, 2 Tenn.Cr.App. 510, 455 S.W.2d 190, 193. However, he reasons that at the time of his first escape attempt from the Hamilton County Jail prior to trial that another charge was pending against him (felonious assault). Hence, he reasons the escape attempt not directly proven in connection with the robbery offense upon which he was tried was therefore not relevant. He reasons therefore that the escapes and its inferences could not be attributed to the charge on trial, see 22A C.J.S. Criminal Law § 631. However, we think the attempted escape when in confinement on both of the charges would be relevant on the trial of either, see *State v. Hudson*, Mo.App., 491 S.W.2d 1. This assignment is overruled.

The judgment of the trial court is affirmed.

O'BRIEN and DUNCAN, JJ., concur.