**Jerry MURPHY, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

July 28, 1976.

Certiorari Denied by Supreme Court
Oct. 18, 1976.

John S. Wilder, Sr., Somerville, for appellant.

R. A. Ashley, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, Preston Parks and Jon Kerry Blackwood, Asst. Dist. Attys. Gen., Somerville, for appellee.

## OPINION

WALKER, Presiding Judge.

Convicted of burglary in the second degree and sentenced to three to seven years in the penitentiary, Jerry Murphy, the appellant, contends the evidence is insufficient to sustain the conviction. We agree and reverse.

On February 28, 1975, Minnie Bolden left her home in the Happy Hollow section near the business district of Somerville and went to the nearby launderette where she was employed. About 5:00 or 6:00 p. m. the appellant came in the launderette and urged several girls there to help Ms. Bolden clean the washer. She refused any assistance and the appellant left. When Ms. Bolden returned to her home an hour or an hour and a half later, she found the back door broken, the house ransacked and $850 taken. A suitcase had been taken out of the house but it was found in the back yard.

The launderette owner saw the appellant make several trips to the launderette but he saw nothing further although he was seated in his truck in front of the two-unit house in which Ms. Bolden lived.

Lillian Malone, who was selling hot dogs at a church across the street from the Bolden home, testified she saw the appellant peep from behind the Bolden house that day and then run through the alley behind the house.

Linda Phillips, who was also selling hot dogs at the church, first said she did not see the appellant that day but then testified in substance to the same facts as Ms. Malone.

Other evidence showed that the house door had apparently been prized open but no tool was found. None of the four witnesses who saw the appellant near the scene said he had anything in his hands or any tool with him. The investigating officer was unsuccessful in his effort to take fingerprints.

Officers could not find the appellant for two or three months following the crime. He was arrested after he voluntarily returned to Fayette County.

The appellant did not testify or offer any evidence.

■ There is no evidence that the appellant entered the home or was seen in it or that any of the fruits of the crime were recovered from him. Although the witnesses saw him at the launderette and near the burglarized house, they also saw numerous other persons in that vicinity.

The state argues that running down the alley and the inability of officers to locate the appellant for more than two months constitutes flight which, along with other circumstances, is sufficient to support the conviction. It cites *Sotka v. State,* Tenn.Cr. App., 503 S.W.2d 212; *Brown v. State,* 4 Tenn.Cr.App. 381, 472 S.W.2d 230, and *Craig v. State,* 2 Tenn.Cr.App. 510, 455 S.W.2d 190. Each of those cases may be distinguished from the present case because in each one there was substantial evidence other than flight to connect the accused to the crime.

In *Sotka* there was evidence of marital discord that tended to show that the appel-

lant shot his wife. In *Brown* the appellant admitted purchasing the stolen property and his flight was considered on the question of guilty knowledge. In *Craig* the appellant's confession was admitted into evidence and he testified that he killed the deceased.

In *Chandler v. State,* 3 Tenn.Cr.App. 234, 460 S.W.2d 376 (1970), we sustained a third degree burglary conviction where the appellant fled from police when he was discovered at the scene of a burglary. In that case, however, the appellant's fingerprint was found on the broken window of the premises. That fingerprint tied the appellant to the entry of the burglarized premises. We do not have similar evidence to connect this appellant.

Other than flight the only circumstance shown against the appellant is his presence at the scene of the crime. Neither presence nor flight, standing alone, is sufficient to convict. Underhill's Criminal Evidence, Sixth Edition, Sec. 16. Taken together as evidence, appellant's flight and presence still do not prove that he entered the premises. The evidence in this record preponderates against the verdict. *State v. Crawford,* 225 Tenn. 478, 470 S.W.2d 610.

Reversed and remanded for a new trial.

GALBREATH and RUSSELL, JJ., concur.