## 62510. BELDONZA v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted in two counts for the offense of child molestation. On motion to sever, the state agreed to a severance and defendant was tried as to only one of these counts. The jury returned a verdict of guilty and defendant was sentenced to serve a term in confinement. After the denial of his motion for new trial, defendant appeals. *Held:*

1. The alleged victim in the second count of the indictment, which case against defendant was not tried, testified concerning that separate alleged crime. Defendant argues that the admission of this testimony constituted the erroneous admission of evidence of another crime wholly distinct, independent and separate from that for which he is on trial, even though it be a crime of the same sort. See *Bacon v. State,* 209 Ga. 261 (71 SE2d 615).

Exceptions to the general rules, however, governing the conditions under which evidence of other crimes is admissible to show plan, motive or intent have been applied in sex cases such as the child molestation charge involved in the case sub judice, the reasoning being "that a tendency toward sexual deviancy if relevant to the crime for which the defendant is on trial is admissible because it is out of the ordinary in that it supplies a motive and makes credible what would otherwise be difficult of belief." *Johnson v. State,* 154 Ga. App. 793, 796 (270 SE2d 214); revd. on other grounds in *State v. Johnson,* 246 Ga. 654 (272 SE2d 321), in a five to two decision. See also *McNeal v. State,* 228 Ga. 633 (5), 637 (187 SE2d 271). Despite the varied views of our present Supreme Court, we apply the majority view here. The court did not err in allowing evidence of defendant's conduct in a separate incident where that conduct was similar in that the victim in both cases were young girls of about 10 years of age and the deviate behavior exhibited by defendant was similar in both incidents.

2. Defendant's second enumeration of error deals again with the testimony elicited from the alleged victim under the second count of the indictment which was not brought to trial. This witness was asked by the assistant district attorney: "[W]hen did ya'll decide that you should go ahead and report these incidents?" The witness responded: "One day when I read in the newspaper about [the victim in the case sub judice], and I said maybe I'd better go tell about what happened to me because then it might happen again to somebody else. He can get away with that." At this point the trial court intervened in order to restrain the witness' testimony as to what she speculated or thought might happen. Defense counsel then approached the bench and submitted a motion for mistrial which the trial court denied but did instruct the jury the reason the witness had given for deciding to make a report of the incident involving herself was to be given no consideration whatsoever and was to be ignored and not considered by the jury. In other words, the jury was instructed to disregard that portion of the witness' testimony involving the reason, in the witness' mind, that she had for making the decision to report the incident involving herself to the police.

Defendant, relying upon *Felton v. State,* 93 Ga. App. 48 (1), 49

(90 SE2d 607); *Ates v. State,* 137 Ga. App. 647, 648-650 (1) (224 SE2d 767); and *Boyd v. State,* 146 Ga. App. 359 (2) (246 SE2d 396), argues that he was prejudiced by the witness' speculation that the defendant would molest children in the future. Each of the cases relied upon by the defendant involves voluntary testimony by police officers about other crimes that the defendant had committed, thus injecting the defendant's character. Not only does the case sub judice not involve the curtailment of volunteered extraneous and inadmissible outbursts by trained law enforcement officers, but the testimony of a 10-year-old child, the nature of whose volunteered testimony is substantially different in that it was given simply to explain the child's reason for her conduct. We find no abuse of discretion of the trial court in determining that its instructions to the jury were sufficient to disabuse them of any prejudicial influence which may have arisen from the child's volunteered testimony. *Cape v. State,* 246 Ga. 520, 524 (5) (272 SE2d 487); *Sims v. State,* 243 Ga. 83, 86 (4) (252 SE2d 501).

3. Defendant's third enumeration of error deals with an alleged error in the trial court's charge to the jury which alleged error was not stated to the trial court in response to the trial court's inquiry as to whether there were any objections to the charge given. Other exceptions or objections were made to the failure to give certain written requests at that time. Defense counsel neither stated his objections to this issue raised before this court, nor did he reserve the right to further object to the charge on motion for new trial or on appeal. This issue having been waived in the trial court as induced error, if any, we do not consider it for the first time on appeal. See in this regard *Jackson v. State,* 246 Ga. 459 (271 SE2d 855).

4. The trial court was correct in declining to give in charge to the jury defendant's request to charge No. 12. This request to charge taken from *Wood v. State,* 68 Ga. App. 43 (a) (21 SE2d 915), deals with construction of criminal statutes. There was no issue of the construction of a criminal statute involved in this case; therefore, this charge was inappropriate and has no application to the facts in the case sub judice.

5. Defendant's final enumeration of error deals with the trial court's refusal to give in charge to the jury defendant's requests to charge 18, 19 and 20 dealing with the requirement that a guilty verdict cannot be returned upon the uncorroborated testimony of an accomplice, the weight to be given the testimony of an accomplice, and a definition of the term accomplice. These requests to charge had no application to the facts in the case sub judice. The victim was a child 10-years-old and thus her age made it impossible that she be treated as an accomplice and impossible in the eyes of the law that she

might grant her consent to the acts constituting the basis of the charges against the defendant. See *Curry v. State,* 87 Ga. App. 451 (1), 452 (74 SE2d 249); Code Ann. §§ 26-701, 26-2018 (Ga. L. 1968, pp. 1249, 1270, 1302).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

Decided November 19, 1981 —
Rehearing denied December 7, 1981 —

*Randall M. Clark,* for appellant.

*Glenn Thomas, Jr., District Attorney, John Johnson III, Jim Chamberlin, Assistant District Attorneys,* for appellee.