## 64303. BUTLER v. THE STATE.

BIRDSONG, Judge.

Ronnie Butler was convicted of armed robbery and aggravated assault upon a police officer. He was sentenced to serve twenty years on the armed robbery and ten years for the aggravated assault, to be served consecutively.

The evidence shows that Butler entered an all night fast food establishment and ordered steak and eggs. When the attendant served the order, he faced appellant holding a .22 caliber pistol, demanding the money from the cash register. There were three customers in the store in addition to the attendant. After obtaining the money, Butler fled. The attendant ran out of the store and alerted a nearby policeman that he had just been robbed and gave a fairly detailed description of the robber. This was immediately reported over police radio channels. Two officers about ten blocks away from the scene of the robbery heard the radio description of the robber. Shortly thereafter, they heard someone running in their direction from the rear of their vehicle. The two officers observed a black male fitting the description of the robber running toward them carrying a pistol in his right hand. They dismounted, identified themselves as police officers and called for the running man to halt and submit to their control. When the suspect did not stop, one of the officers directly pursued him and the other tangentially ran to intersect the path of flight. Each of these officers saw Butler turn and fire one

round from his .22 caliber pistol at the directly pursuing officer. That officer then emptied his revolver at Butler striking Butler once in the back of the neck. The pistol was recovered from Butler's right hand and bills and coins were recovered from Butler's pockets. He was positively identified by the store attendant and the eyewitnesses as being the man who held the gun and took the money. The jury returned verdicts of guilty to both counts. Butler now complains of error in the admission of the pistol based on a lack of showing of an appropriate chain of custody and to certain testimony by the two officers involved in the shooting incident, and lastly the belated admission into evidence of the money recovered from Butler's pockets. *Held:*

1. The admission into evidence of the pistol as being like the one used in the robbery and recovered from the possession of the appellant Butler was not error. *Jung v. State,* 237 Ga. 73, 74 (226 SE2d 599); *Evans v. State,* 228 Ga. 867 (4) (188 SE2d 861).

2. It was not error to allow the two police officers who had been excused by the state following their testimony on the first day of trial to be recalled on the second day and following testimony by appellant that contradicted their earlier testimony, to testify in rebuttal. *Robinson v. State,* 207 Ga. 337 (6) (61 SE2d 475); *Odum v. State,* 21 Ga. App. 310, 312 (3) (94 SE 257).

3. Nor was it error to allow the introduction into evidence of the bills and coins removed from the pockets of the defendant though this evidence was not offered until the second day of trial after appellant had testified. The state, in rebuttal to appellant's testimony that he had found the money after it had been abandoned in a hedge by an unidentified male, offered this to show the improbability of appellant's version. *Hurt v. State,* 239 Ga. 665, 672 (8) (238 SE2d 542).

4. Lastly, there is no merit to appellant's cumulative error argument. This state does not follow a "cumulative error" rule of prejudice. Any error of record (of which we have found none in this case) must stand or fall upon its own merits and is not aided or aggravated by the accumulative effect of other claims of error. *Sierra v. State,* 155 Ga. App. 198, 201 (270 SE2d 368).

5. Though not pursued in his brief, appellant also urged the general grounds in his motion for new trial. We find from the evidence that any rational and reasonable trier of fact could have found from the evidence proof of guilt of the crimes charged beyond a reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

*Howard S. Bush,* for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.