## 67531. THE STATE v. LESTER.

BIRDSONG, Judge.

Motion to Quash. John F. Lester, Judge of Recorder's Court of Gwinnett County, has been charged with malpractice in office. The State obtained an indictment containing five counts, only two of which are of concern in this appeal. In Count I, Judge Lester is accused of improperly entering nolle prosequi action on 100 traffic violations, but at the same time accepting, on behalf of the county, costs of court and payment of fines for serious traffic offenses such as driving under the influence of an intoxicant and similar charges that possibly could result in the suspension and/or revocation of licenses to operate vehicles in this state. As a result of the nolle prosequi action, notification to the Department of Public Safety was not accomplished for its consideration of the traffic violation and the purpose of OCGA § 40-13-3 ostensibly was thwarted. As to Count IV, Judge Lester is accused of accepting pleas of guilty to lesser offenses (pedestrian drunk or public drunk in lieu of driving under influence) by defendants who were not present in court, in 243 traffic cases, and of accepting costs and payment of fines based upon the lesser offenses. Once again the State alleges that the result of these guilty pleas was to thwart the purpose of OCGA § 40-13-3.

Judge Lester entered a motion to quash 24 of the 100 cases in which nolle prosequi had been entered and 91 of the 243 cases in which conviction of a lesser offense had been entered on the ground that the action taken by the judge in each of these 115 cases had occurred over two years before the date of the indictment. Discovery of these actions was based upon an audit by the GBI which reflected the course of conduct followed by the recorder in his court. It is contended by appellant and fully conceded by the State that malpractice in office is a misdemeanor and that the appropriate statute of limitations applicable thereto is two years. The trial court quashed those parts of Counts I and IV which reflected actions taken by the recorder which predated the indictment (and the August, 1983, audit by the GBI) by more than two years. The State appealed, complaining of the trial court's quashing of these portions of the apparently other-

wise validly constituted indictment. *Held*:

It is not contended by the State that any of the four exclusions provided in OCGA § 17-3-2 are applicable so as to remove the two-year statute of limitations imposed by OCGA § 17-3-1 (d). Rather, the State argues that as to the nolle prosequi entered by the recorder in the 100 cases that are the subject of Count I, a nolle prosequi is not necessarily a final termination of the case (depending upon the attachment of jeopardy), and the recorder by his improper actions entered a void judgment in each case. As such, the cases are still viable and thus the offense is a continuing one. As to the reduction of the driving under the influence to the lesser offenses of public drunk or pedestrian drunk in Count IV, each of these convictions was based upon an allegedly improper plea of guilty in that the defendant was never advised of the implications of his plea and the recorder never satisfied himself of the providency of the pleas of guilty. Again the State argues that each of these guilty pleas constituted a void judgment. As such, each of these cases remains pending and therefore the malpractice is a continuing offense.

The trial court rejected this argument, concluding that there was a final action in each of the 343 cases and that 115 of the misdemeanors were subject to the two-year statute of limitations. Inasmuch as the State had pled no exception to the operation of the statute, the court accordingly quashed those subject to the statute. *State v. Shepherd Constr. Co.*, 248 Ga. 1, 4 (II (a)) (281 SE2d 151).

There is no basis on which to overturn the judgment of the trial court. In *Holloman v. State*, 133 Ga. App. 275, 277 (211 SE2d 312), the State made an argument similar to the one advanced in this case. In that case the County Commissioners of Jones County entered into a contract for the renovation of the county courthouse. It was shown that the commissioners entered into a cost plus a fixed percentage fee contract which violated the pertinent statute requiring such a contract to be by bid and awarded to the lowest bidder. In substance, the State argued in *Holloman* that the contract took many months to complete and thus the malpractice of the county commissioners was a continuing offense until either a legal contract was executed or until the illegal contract actually was completed. This court was not persuaded by that argument. The court found that the violation of the statute occurred when the contract was awarded in March, 1969, and did not continue until the contract was concluded perhaps as late as early 1972. This court did not contemplate the argument that a contract executed in violation of law was a void contract and thus subject to proper execution at any time prior to the final completion of the contract. To the contrary, this court concluded that the gravamen of the offense was the making of a cost plus contract in March, 1969, without compliance with the statutory requirements, and not what

was or was not done thereafter. *Holloman*, supra, p. 277.

In like manner, we conclude, as did the trial court herein, that the recorder's acts were committed at the time he entered a nolle prosequi or when he accepted a plea of guilty and entered the disposition on the traffic citation. Whether the action was lawful or unlawful, it was a final disposition of each case. If the action was authorized, there was no malpractice. If unlawful, there may have been malpractice, but as to the recipient of the action (the defendant in each case), the action became final. See *State v. Hanson*, 249 Ga. 739, 747 (295 SE2d 297).

The burden unquestionably is upon the State to prove that a crime occurred within the statute of limitation or to prove that the case properly falls within an exception. *Williams v. State*, 13 Ga. App. 338 (1) (79 SE 207). The fact that the issue is determined pretrial does not relieve the State of this burden.

Under the facts of this case, the trial court correctly concluded that all of the traffic cases in question became final on the date that the recorder's court entered its judgment of nolle prosequi or accepted a plea of guilty to a lesser offense and that result formally was entered by the court as its disposition of the case. Thus, as to the 115 cases where such action occurred more than two years before the audit occurred and an indictment was returned, the statute had run and those incidents are barred. *State v. Tuzman*, 145 Ga. App. 481, 484 (243 SE2d 675).

*Judgment affirmed. Quillian, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED MARCH 9, 1984 —
REHEARING DENIED MARCH 26, 1984 —

*W. Bryant Huff*, District Attorney, *Johnny R. Moore*, Assistant District Attorney, for appellant.
*Walter M. Britt*, for appellee.