67351. FOSTER v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of aggravated assault with intent to rape. On appeal he contends the trial court erred by denying his motion for a new trial based on the general grounds, withholding evidence from the jury and misconduct by the jury. Appellant also enumerates eleven other errors which will be considered in this opinion.

The evidence disclosed that about 7:30 a.m., December 8, 1982 appellant gained entrance to the home of Thomas Consentino on the pretext of replacing a furnace filter. Because Consentino was suspicious he took down the license number of appellant's truck when he departed.

About 9:30 a.m. the same morning appellant, using the same pretext, gained access to another home occupied by the victim. After appearing to change the filter and checking the heating vents, appellant grabbed the victim from behind and forced her at knifepoint to disrobe completely, go into the bathroom and be photographed. Appellant then threatened the victim and tried to force her to have intercourse with him against her will. When appellant was unsuccessful in his attempt he departed.

The same evening Consentino decided to call the police and report the incident at his home. Because the identification of appellant was the same as that given by the victim, police obtained appellant's name and address from the tag number, obtained a search warrant and searched appellant's home. They found a tool box which was identified by Consentino and the victim as the one carried by appellant. The victim also identified a knife and some rope found at appellant's home as the items appellant used in threatening her. Both the victim and Consentino identified appellant positively as the person who had entered their respective homes.

Appellant denied being at Consentino's home or the home of the victim, stating that he was at work when the incidents occurred. However, his foreman testified that appellant was late coming to work and did not arrive until about 10:00 or 10:30 a.m.

1. The evidence is more than sufficient to support the verdict and meet the standards of proof required by Jackson v. Virginia, 443

U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends it was error to deny his request for a continuance so he could interview the victim and Consentino. In this regard, the prosecuting attorney arranged to have the victim available for the defense counsel to interview; however, the victim refused to talk to defense counsel prior to trial. Consentino also refused to talk to the defense counsel.

Although appellant argues that the prosecuting attorney attempted to control the victim and prevent her from talking to defense counsel, the victim testified on this issue that no one told her not to discuss the case with defense counsel. Thus, appellant's argument is not supported by the transcript. " 'Accused and his counsel have the right to interview witnesses before the trial; and the state has no right to deny them access to a witness material to the defense, but a witness cannot be compelled to submit to such interview.' " *Emmett v. State*, 232 Ga. 110, 113 (2) (a) (205 SE2d 231) (1974); *Rutledge v. State*, 245 Ga. 768, 769 (2) (267 SE2d 199) (1980). Accordingly, it was not error to deny appellant's motion for a continuance.

3. Appellant contends it was error to deny his motion to quash the indictment because the state deliberately destroyed exculpatory evidence. In regard to this contention, the victim informed police that appellant took three photographs of her, although she was not sure appellant had removed the lens cover before taking the pictures. A 35 mm camera was seized in the search of appellant's home, but when the film was processed later the same day it was blank; therefore, having no probative value, it was destroyed. Appellant subsequently learned the film had been destroyed, and now argues that the prosecution deliberately destroyed exculpatory evidence.

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U. S. 83, 87 (83 SC 1194, 10 LE2d 215).

Appellant made no request for the film prior to its development and destruction. Thus, there *was* no evidence favorable to appellant at the time of his request, which was filed approximately one month after the film had been destroyed. The only possible materiality of the blank film would be to attack the credibility of the victim, and testimony was presented that the film was blank when developed. Thus, the blank film, in and of itself, would not add any weight to the testimony presented about the film. We do not find that the prosecution deliberately suppressed any exculpatory evidence, so it was not error to deny the motion to quash the indictment.

4. Appellant contends it was error to allow both the investigator and the victim to remain in the courtroom after the rule of sequestra-

tion had been invoked. This contention has been decided adversely to appellant. *Dye v. State*, 220 Ga. 113, 114 (2) (137 SE2d 465) (1964); *Toole v. State*, 146 Ga. App. 305, 307 (6) (246 SE2d 338) (1978).

5. Appellant contends the trial court erred by sustaining objections to certain questions by defense counsel on voir dire examination of the jury. The questions objected to would require a juror to prejudge the case; related to whether the jurors would hold it against appellant if he failed to testify or present evidence; or related to legal matters which would be covered by the court's charge, such as presumption of innocence, reasonable doubt, and the meaning of aggravated assault. Such questions are improper on voir dire. *Gunnin v. State*, 112 Ga. App. 720 (2) (146 SE2d 131) (1965); *Young v. State*, 131 Ga. App. 553, 554 (2) (206 SE2d 536) (1974).

6. Appellant contends the trial court erred by excluding evidence of bias on the part of Consentino. This enumeration is not supported by the transcript.

Defense counsel's investigator was a constable and appellant sought to show through cross-examination that several years prior to this case, Consentino had difficulty with a constable. Consentino testified, in fact, that he was not upset by the fact that the investigator was a constable. Nor was he upset by the fact that several years before the trial defense counsel, as a judicial officer, signed a dispossessory warrant against Consentino. Consentino gave a statement to police and identified appellant the night of the incident. Consentino's statement, given before he was aware who represented appellant, corresponded in all respects to his trial testimony. The scope of cross-examination rests within the discretion of the trial judge, to control this right within reasonable bounds, and his discretion will not be controlled by a reviewing court unless it is abused. *Miller v. State*, 155 Ga. App. 587 (3) (271 SE2d 719) (1980). We find no abuse of discretion in this case.

7. Appellant contends it was error to deny his motion for a mistrial because of misconduct by the court reporter and the investigating officer. He argues that the reporter examined defense counsel's documents during a recess and discussed them with the investigator. Again, the enumeration is not supported by the transcript. The reporter testified on this issue that she went to defense counsel's table to look at a transcript of another hearing to see what format the reporter in that case had followed. She did not look at other papers on the table, and did not discuss the case with Mitchell, the investigator. Mitchell also denied discussing the case or any of the counsel's documents with the reporter. Hence, it was not error to deny appellant's motion for a mistrial, his motion to strike Mitchell's testimony and his request to disqualify the court reporter.

8. Appellant contends it was error to refuse his request to see the

prior statements of the victim and the investigating officer's report. Appellant argues that there were discrepancies between the investigator's affidavit for a search warrant and his trial testimony in regard to the description of appellant's clothing. Mitchell acknowledged he had made a mistake on the warrant affidavit, because the description of the clothing given to him was blue, not green. The trial court then reviewed the state's entire file and found nothing inconsistent in the witness' prior statements. Further, the trial court allowed defense counsel to read the portion of the victim's statement regarding her description of appellant's clothing, and the trial court read the investigator's report into the record. Clearly, appellant's contention that he was denied access to these documents is without merit.

9. Appellant next contends it was error to exclude testimony of Mitchell Slayton, vice president and general manager of the company where appellant worked, as to his general reputation in the community in which he worked. Slayton testified he had known appellant about a year, and his only knowledge of appellant's reputation was through his work record and limited personal contact with appellant at work.

We have held that restricting counsel from asking a witness about an individual's reputation at business and among the employees is not error, as this is not the correct test. *Bush v. State*, 149 Ga. App. 448, 450 (4) (254 SE2d 453) (1979). Thus, there was no error in excluding Slayton's testimony as to appellant's reputation at work.

10. Appellant's contention that he was denied due process of law and a fair trial because the trial judge propounded questions to witnesses is without merit. Appellant did not object at trial or move for a mistrial on these grounds. " '[T]he failure of the appellant to object to the questions or to move for a mistrial at the trial estopped him from raising an objection on appeal.' " *State v. Griffin*, 240 Ga. 470 (241 SE2d 230) (1978).

11. Appellant contends he was denied due process and a fair trial because the jurors discovered that appellant had been arrested previously, or had a mug shot taken, by removing tape from a photograph of appellant during the jury's deliberations. Appellant presented two post-trial affidavits from jurors relating to this alleged incident. "The affidavits of jurors may be taken to sustain but not to impeach their verdict." OCGA § 9-10-9; *Hudson v. State*, 157 Ga. App. 71, 73 (3) (276 SE2d 122) (1981). Thus, it was not error to deny his motion for a new trial on this ground.

12. Lastly, appellant alleges error in the denial of supersedeas bond. This court has previously decided that issue adversely to appellant by separate order of this court dated September 19, 1983.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED MARCH 12, 1984.

Robert C. Sacks, for appellant.
W. Bryant Huff, District Attorney, Genevieve Frazier, Assistant District Attorney, for appellee.