[Crim. No. 1654. Third Appellate District.—December 14, 1938.]

In the Matter of the Application of EDWARD H. McGEE for a Writ of Habeas Corpus.

A. M. Mull, Jr., and Frank Bottaro for Petitioner.

U. S. Webb, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

ROSS, J., *pro tem.*—Petitioner is a prisoner in Folsom prison. He was convicted in the Superior Court of Sacramento County of the offense of escaping from a prison road camp.

The information was filed January 2, 1931, charging said escape as occurring on June 1, 1924, and concluding: "that since June 1, 1924, the said Edward H. McGee was outside the State of California". Petitioner claims this pleading is not sufficient to remove the apparent bar of the statute of limitations, the alleged offense having been committed almost seven years before the filing of the information.

It is settled law in California that the statute of limitations in criminal actions is jurisdictional, and that an indictment or information which shows on its face that the prosecution is barred by limitations, fails to state a public offense. The point may therefore be raised at any time, be-

fore or after judgment. (*People* v. *McGee*, 1 Cal. (2d) 611 [36 Pac. (2d) 378].)

It is also settled that the provision of section 802 of the Penal Code, that the period of limitation shall not include the time when the defendant has not been "an inhabitant of, or usually resident within the State", is applicable when the defendant is charged with an ordinary offense, whether he was within or without the state at the time the offense was committed. (*People* v. *McGill*, 10 Cal. App. (2d) 155 [51 Pac. (2d) 433].) The information must have an allegation showing that the case comes within the exception set forth in section 802, Penal Code, if the exception is to be claimed. The only question before this court, therefore, in the instant case, is to interpret the allegation in the information—"that since June 1, 1924, the said Edward H. McGee was outside the State of California".

One of the definitions of "since" in most standard dictionaries is: "From a definite past time until now." It was obviously used in this sense in the information herein. No demurrer for uncertainty was filed. The phrase used was a sufficient pleading of the exception to the statute of limitations, set forth in section 802 of the Penal Code, and the information as a whole was sufficient to give the court jurisdiction of the case.

The writ is discharged, and the petitioner remanded.

Pullen, P. J., and Thompson, J., concurred.