[Civ. No. 31149. First Dist., Div. Four. Nov. 21, 1972.]

CHARLES SOBIEK, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Goth, Dennis & Aaron and James M. Dennis for Petitioner.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Robert R. Granucci and W. Eric Collins, Deputy Attorneys General, for Respondent and for Real Party in Interest.

## OPINION

**BRAY, J.**[*]—This is a petition for writ of prohibition. Petitioner has raised additional contentions but, inasmuch as his contention that count Five of the indictment (the only count concerned with in his petition)[1] was barred

---

[*]Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]Although the trial court on petitioner's motion quashed counts One to Four, inclusive, of the indictment on the ground that no probable cause for the commission of the offense charged in said four counts existed, petitioner attempts to raise the same issues on this petition. They are moot as to this proceeding. However, they are

by the statute of limitations is valid, it is unnecessary to consider the other contentions. The Attorney General questions petitioner's right to raise the statute of limitations.

## Record

By an indictment filed in the San Mateo County Superior Court, petitioner was indicted for four counts of violation of Penal Code section 487 (grand theft) and one count of violation of Penal Code section 470 (forgery). He moved to quash the indictment. After a hearing, the court granted his motion as to four counts of grand theft and denied it as to the forgery charge.

Petitioner filed this petition for writ of prohibition to restrain the San Mateo County Superior Court from proceeding further on count Five, on the ground that said count is barred by the statute of limitations.

The charges arise out of a situation in San Mateo County where a group of 15 friends organized the Empire Investment Club, whose purpose was to invest money in second mortgages. Petitioner, an insurance and real estate field representative, was elected president. Each member originally invested $100 and paid into the club's fund $25 per month thereafter. Petitioner gradually assumed practically unlimited control of the making of loans and finally appropriated to his own use a considerable amount of the group's money, and is charged with committing a certain forgery defrauding his fellow members.

## The Statute of Limitations

Count Five of the indictment charges petitioner with forgery committed on or about February 24, 1967. (The indictment was filed November 23, 1971.)

At the time of the alleged commission of the offense, Penal Code section 800 provided, in pertinent part: "An indictment for any other felony than murder [and other offenses not applicable here] must be found, and the information filed . . . within three years *after its commission. . . .*" (Italics added.)

In 1969, Penal Code section 800 was amended to provide that "An indictment for grand theft shall be found, an information filed . . . within three years *after its discovery.*" (Italics added.)

fully discussed in our opinion on the appeal by the Attorney General from the trial court's quashing of said counts. (*People* v. *Sobiek* (1972) 1 Crim. 10649, filed Nov. 21, 1972.)

In 1970, Penal Code section 800 was amended to provide, in pertinent part: "An indictment for any felony, except . . . forgery . . . shall be found, an information filed . . . within three years *after its commission.* . . . An indictment for grand theft [or] *forgery* . . . shall be found, an information filed . . . within three years after *its discovery*." (Italics added.)

 Thus, it appears that the offense is charged to have been committed on February 24, 1967, and the statute of limitations then in effect (three years from commission of the offense) terminated on February 24, 1970. The amendment of 1970, providing that the limitation does not start to run until the discovery of the offense, was not adopted until some months after the existing time in which to file the forgery charge had expired. "[T]he statute of limitations . . . is jurisdictional, and . . . an indictment or information which shows on its face that the prosecution is barred by limitations, fails to state a public offense." (*People* v. *Holtzendorff* (1960) 177 Cal.App.2d 788, 792 [2 Cal.Rptr. 676], quoting *In re McGee* (1938) 29 Cal.App.2d 648 [85 P.2d 135]; *People* v. *McGee* (1934) 1 Cal.2d 611, 613 [36 P.2d 378].) "An accusatory pleading must allege facts showing that the prosecution is not barred by the statute of limitations [citations], . . ." (*People* v. *Crosby* (1962) 58 Cal.2d 713, 724 [25 Cal.Rptr. 847, 375 P.2d 839].)

 There is no case law in California on the question of whether, the statute of limitations having run as to an offense, a later statutory amendment extending the filing time would apply to that offense. Nor have we found any authority elsewhere on that particular subject. The nearest approach appears in *People* v. *Snipe* (1972) 25 Cal.App.3d 742 [102 Cal.Rptr. 6]. There, the defendants were charged with the murder of a child who had died some 21 months after a beating given her by the defendants. At the time of the beating, section 194 of the Penal Code provided that to make a killing either murder or manslaughter, the death must have occurred within a year and a day after the cause of death administered. Between the time of the beating and the death, section 194 was amended to provide that the statute of limitations ran for three years after the cause of death was administered. In holding that application of the amended three-year statute did not violate the ex post facto doctrine, as the change in the statute was merely procedural, the court said: "An ex post facto law is a retrospective law applying to offenses committed before its enactment which by its necessary operation and in its relation to the offense, or its consequences, changes the situation of the defendant to his detriment. [Citations.] Constitutional limitations, therefore, are transgressed by retroactive procedural changes if they operate to deny the

accused a vested defense or if they affect him in a harsh or arbitrary manner. [Citation.] As the United States Supreme Court pointed out in *Beazell* v. *Ohio,* 269 U.S. 167, 171 [70 L.Ed. 216, 218, 46 S.Ct. 68], the distinction between a procedural change which transgresses the Constitution if given a retroactive application and one which does not is a matter of degree, and each case must be decided on its own facts.

"Following are a few examples of procedural changes which were deemed permissible even though they were retroactive: a change permitting witnesses who previously were incompetent to testify thereafter to the commission of a crime [citation]; a change which gave the state the right of appeal where none existed before [citation]; a change permitting the reception of evidence which previously would have been excluded [citation]; a change in the statute of limitations (*Falter* v. *United States,* 23 F.2d 420).

" . . . . . . . . . . . . . . . .

"The opinion in *Falter* v. *United States, supra,* 23 F.2d 420, is cogent. In that case the defendants were accused of conspiracy to defraud the United States. At the time the crime was committed, the statute of limitations was three years, but two years later the statute was amended, extending the limitation to six years. After conviction the defendants sought reversal because the accusatory pleadings, albeit filed within six years after the crime was completed, were filed more than three years thereafter. They argued that the amendment was ex post facto legislation. In rejecting the argument, the eminent jurist, Mr. Learned Hand, had this to say:

" '*Perhaps they would be right, if the earlier statute had once run in their favor.* . . . [Italics added.]

" 'But, while the chase is on, it does not shock us to have it extended beyond the time first set, or, if it does, the stake [*sic*] forgives it.' " (25 Cal. App.3d at pp. 746-748.)

It is the statement indicating that, if the statute of limitations had run before the amendment extending the time, the new limitation would constitute an ex post facto law that applies in the instant case.

### *Petitioner may raise the Statute of Limitations.*

█ The Attorney General contends that petitioner may not raise the question of the application of the statute of limitations in this court because of failure of petitioner to raise it in the trial court. He concedes that the defense of that statute is jurisdictional. (*People* v. *Lilliock* (1968) 265 Cal.App.2d 419, 430 [71 Cal.Rptr. 434].) However, as stated in *Preston* v. *Municipal Court* (1961) 188 Cal.App.2d 76, 82 [10 Cal.Rptr. 301]

(quoting from *Egan* v. *Teets* (9th Cir. 1957) 251 F.2d 571), "a constitutional question may be raised at any time if the matter appears on the face of the record, . . ." The matter does appear on the face of the record in this case. *Schaeffer* v. *Municipal Court* (1968) 260 Cal.App.2d 819 [67 Cal.Rptr. 479], relied upon by respondent, is not in point. There, the defendant was charged in the municipal court with misdemeanor drunk driving. Without submitting to the municipal court his contention that it did not have jurisdiction to try him because police conduct prevented him from having chemical test results to present at his trial, he applied to the superior court for a writ prohibiting the municipal court from proceeding to the scheduled trial. The Court of Appeal held that he should have given the municipal court the opportunity to determine whether or not it had jurisdiction. That is a different situation from that in the case at bar, where the statute of limitations had terminated the time in which petitioner could be prosecuted. The statute of limitations having run prior to the amendment extending it, application of the amendment to petitioner's situation would constitute application of ex post facto legislation. The fifth count in the indictment must be dismissed.

Let a writ of prohibition issue as prayed.

Devine, P. J., and Rattigan, J., concurred.