[No. A023613. First Dist., Div. One. Nov. 20, 1984.]

THE PEOPLE, Plaintiff and Appellant, v.
HARRY SAMPLE, Defendant and Respondent.

CounseL

John K. Van de Kamp, Attorney General, Thomas A. Brady and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Appellant.

James R. Jenner, Public Defender, Lawrence A. Boxer and Richard W. Zimmer, Assistant Public Defenders, for Defendant and Respondent.

Opinion

RACANELLI, P. J.—The question to be decided is whether the tolling provisions of section 802.5 of the Penal Code[1] apply to certain felonies committed prior to the 1981 enactment. For the reasons we explain, we conclude that the three-year statute of limitations was effectively tolled under the provisions of the 1981 statutory enactment.[2] Accordingly, the judgment entered on demurrer is reversed.

## PROCEDURAL BACKGROUND

The procedural posture and relevant factual background are uncontroverted:

On April 2, 1980, a warrant for defendant's arrest was issued on a complaint charging two counts of violation of section 211 (robbery) and two counts of violation of section 12021 (felon in possession of a concealable firearm) alleged to have been committed in March 1980. Defendant remained at large until apprehended some time in early 1983.

On June 29, 1983, an information was filed;[3] following arraignment, defendant demurred on the ground that the criminal action was time-barred under the provisions of former section 800 which required, as relevant, that

---

[1] Unless otherwise indicated, all further statutory references are to this code.

[2] Section 802.5, as enacted in 1981, provides as follows: "The time limitations provided in this chapter for the commencement of a criminal action shall be tolled upon the issuance of an arrest warrant or the finding of an indictment, and no time during which a criminal action is pending is a part of any limitation of the time for recommencing that criminal action in the event of a prior dismissal of that action, subject to the provisions of Section 1387." (Stats. 1981, ch. 1017, § 3.)

[3] An amended information was filed on July 15, 1983, to allege the date of issuance of the arrest warrant.

the information be filed "within three years" of commission of the felony.[4] The People have appealed from a judgment for the defendant on the demurrer.

I

The People renew their argument that the tolling provisions of section 802.5 validly apply when, as here, the statute was enacted before the expiration of the applicable three-year statute of limitations. We agree.

Before the 1981 amendment to section 800, the limitations period ran until either (1) an indictment was returned or (2) an information was filed or (3) the matter was certified to the superior court. (Fn. 4, *ante.*) Thus, pursuant to the statutory scheme, in a felony prosecution initiated by complaint, the limitations period continued to run until a preliminary hearing was instituted and the defendant held to answer. In its benchmark decision in *Hawkins* v. *Superior Court* (1978) 22 Cal.3d 584 [150 Cal.Rptr. 435, 586 P.2d 916], the Supreme Court established under an equal protection analysis the right of a defendant to demand a postindictment preliminary hearing before entry of plea. (At pp. 593-594.) Thus, in the wake of *Hawkins,* cases initiated by indictment resulted in the tolling of the limitations period upon the finding of the indictment, although a preliminary hearing might subsequently ensue.

In an effort to rectify the potentially disparate consequences of a postindictment preliminary hearing, the 1981 remedial legislation was intended to provide a uniform tolling period *before* the mandated preliminary hearing: either at the point the charging indictment is found or an arrest warrant is issued.[5] Our interpretation of the legislative design is supported by the simultaneous enactment of contingency versions of section 800 to become operative in the event of a court decision or constitutional amendment eliminating the right to a postindictment preliminary hearing. (Stats. 1981, ch. 1017, § 4, p. 3928.) Thus, the effect of section 802.5 and section 800 as amended is to toll the statute of limitations earlier in cases initiated by complaint and no later than the finding of a true bill where grand jury proceedings are involved.

---

[4]At the time the alleged offenses were committed section 800 provided: "An indictment for any felony, except [certain offenses not applicable here] shall be found, an information filed, or case certified to the superior court within three years after its commission." Section 800 was amended in 1981 to require that indictment for a felony be found, or an *arrest warrant issued* within three years after its commission. (Stats. 1981, ch. 1017, § 1.5.)

[5]As originally drafted, Senate Bill No. 311 called for the statute to toll upon the filing of a complaint. (2 Sen. J. (1981-1982 Reg. Sess.) pp. 2402, 2444.)

Contrary to defendant's assertion, the application of section 802.5 to crimes committed before the enactment but prior to expiration of the three-year statute does not violate the constitutional prohibition against ex post facto laws. (U.S. Const., art. I, § 9, cl. 3; Cal. Const., art. I, § 9.)  **(2)** An ex post facto law is one which alters the situation of an accused to his disadvantage by "(a) making criminal an action innocent when done; (b) making more serious an act already criminal when done; (c) inflicting great-er punishment than that attending the act at the time it was committed; or (d) permitting a person to be convicted with less evidence than was required when the act was done. *Kring* v. *Missouri* (1882) 107 U.S. 221 [27 L.Ed. 506, 2 S.Ct. 443].)" (*People* v. *Sobiek* (1973) 30 Cal.App.3d 458, 472 [106 Cal.Rptr. 519, 82 A.L.R.3d 804], cert. den. 414 U.S. 855 [38 L.Ed.2d 104, 94 S.Ct. 155]; see *People* v. *Smith* (1983) 34 Cal.3d 251, 259-260 [193 Cal.Rptr. 692, 667 P.2d 149].) Generally, changes in criminal *procedure* alone will not transgress ex post facto constraints. (*Weaver* v. *Graham* (1981) 450 U.S. 24, 29, fn. 12 [67 L.Ed.2d 17, 23, 101 S.Ct. 960]; *Thompson* v. *Utah* (1898) 170 U.S. 343, 351 [42 L.Ed. 1061, 1066-1067, 18 S.Ct. 620]; *People* v. *Smith, supra,* 34 Cal.3d at p. 260; *People* v. *Ward* (1958) 50 Cal.2d 702, 707 [328 P.2d 777, 76 A.L.R.2d 911], cert. den. 359 U.S. 945 [3 L.Ed.2d 678, 79 S.Ct. 730], disapproved on another point in *People* v. *Morse* (1964) 60 Cal.2d 631, 637, fn. 2, 649 [36 Cal.Rptr. 201, 388 P.2d 33, 12 A.L.R.3d 810].) Thus, it has been repeat-edly determined that an *extension* of a limitations period is a change in procedure only, to which the ex post facto doctrine does not apply. (*People* v. *Eitzen* (1974) 43 Cal.App.3d 253, 266-267 [117 Cal.Rptr. 772] [limita-tions period changed to commence upon later discovery of loss rather than commission of theft]; *People* v. *Snipe* (1972) 25 Cal.App.3d 742, 747-748 [102 Cal.Rptr. 6, 60 A.L.R.3d 1316] [time of death statute extended from a year and a day to three years]; *Falter* v. *United States* (2d Cir. 1928) 23 F.2d 420, cert. den. 277 U.S. 590 [72 L.Ed. 1003, 48 S.Ct. 528] [limita-tions period extended from three to six years].) It is only where the limi-tations period had already expired barring prosecution that an amendment effectively extending the statutory period will not apply to felony offenses committed before the legislative change. (*Sobiek* v. *Superior Court* (1972) 28 Cal.App.3d 846 [106 Cal.Rptr. 516] [forgery prosecution barred where statute had run before tolling amendment enacted].)

██   The enactment of section 802.5 represents a procedural change in the law, free of any ex post facto taint, which, as in *Falter* and *Eitzen,* simply extended the existing time period during which defendant could be prosecuted. While *Eitzen* involved a change in starting the statutory clock, the present case involves the converse situation as to when the clock stops running. The legal effect is identical: the period during which a defendant is subject to prosecution is extended before the existing statute of limitations

had expired. As Justice Learned Hand dryly observed: "But, while the chase is on, it does not shock us to have [the limitations period] extended beyond the time first set, or, if it does, the stake forgives it." (*Falter* v. *United States, supra,* 23 F.2d at p. 426.)

We conclude that the statutory change under section 802.5 tolling the statute of limitations does not contravene the ex post facto clause and applies herein.

■■■ Subsumed in defendant's contention is the further argument that section 802.5 may not be construed to apply "retroactively" in the absence of an express legislative declaration. The argument lacks merit.

■■■ Although as a general proposition penal statutes will be presumed to apply prospectively (§ 3), our highest court has declared that this basic rule of construction "is not a straitjacket . . . [and] is to be applied only after, considering all pertinent factors, it is determined that it is impossible to ascertain the legislative intent." (*In re Estrada* (1965) 63 Cal.2d 740, 746 [48 Cal.Rptr. 172, 408 P.2d 948].)

■■■ In determining legislative intent, the courts must strive for a reasonable construction (*People* v. *Nevarez* (1982) 130 Cal.App.3d 388, 397 [181 Cal.Rptr. 691] [change in statute barring prosecutions previously dismissed]) with the knowledge that the Legislature is presumed to act in light of existing judicial decisions. (*Estate of McDill* (1975) 14 Cal.3d 831, 839 [122 Cal.Rptr. 754, 537 P.2d 874].) ■■■ In view of the impressive array of established precedents approving application of extended limitations periods to crimes committed before the enactments, we believe the Legislature enacted section 802.5 and simultaneously amended section 800 with the knowledge and purpose that the changes in the tolling provisions would apply uniformly to all felony actions not already time-barred. Indeed, any other construction of the remedial changes would produce an absurd result: if the amendments were construed to apply prospectively only to offenses committed after enactment, as suggested, the effect of the legislation would actually be *postponed* for an additional three years. (Cf. *Andrus* v. *Municipal Court* (1983) 143 Cal.App.3d 1041, 1047-1048 [192 Cal.Rptr. 341].) Such an illogical interpretation cannot be ascribed to the legislative intention.

We conclude the demurrer was erroneously sustained requiring reversal.[6]

[6]At oral argument defendant for the first time raised the argument that tolling the statute before the preliminary hearing will deprive him of the opportunity to preserve evidence obtainable through a prompt preliminary hearing. Although we express no opinion on the belated contention, it would appear that defendant's remedy for any loss of favorable evidence due to the extended period would lie in a motion to dismiss for actual prejudice by reason of unjustified prearrest delay. (See, e.g., *Jones* v. *Superior Court* (1970) 3 Cal.3d 734 [91 Cal.Rptr. 578, 478 P.2d 10]; *People* v. *Hannon* (1977) 19 Cal.3d 588 [138 Cal.Rptr. 885, 564 P.2d 1203].)

The judgment is reversed.

Holmdahl, J., and Rushing, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.