## A94A1116. JOHNSTON v. THE STATE.
### (445 SE2d 566)

Pope, Chief Judge.

Defendant Richard Johnston appeals his conviction for aggravated child molestation. The record reveals that the defendant was indicted on this charge on May 5, 1993. The record further reveals that the last act for which defendant was indicted occurred in May 1985. OCGA § 17-3-1 (c) requires that prosecution for such crimes be commenced within seven years after the commission of the crime.[1] The State concedes on appeal that defendant was not indicted within the statutory limitation period. It is most unfortunate that we must reverse the conviction in this case on this basis because the evidence was otherwise sufficient to support defendant's conviction.

This case gives us an opportunity to reconsider our earlier decision in *Sears v. State*, 182 Ga. App. 480 (356 SE2d 72) (1987). In *Sears*, we held that infancy does not toll the running of a statute of limitation period. In reaching that conclusion we were guided by what was then the expression of legislative intent concerning statutes of limitation. At that time our legislature had provided no exceptions or conditions to tolling the applicable statute of limitation. Id. at 482. As is discussed supra, in footnote one, our legislature recently adopted OCGA § 17-3-2.1 which tolls the limitation period for certain offenses against minors, including child molestation and aggravated child molestation, until the victim reaches the age of 16.

This case highlights why such a tolling period is necessary for certain crimes against minors. In this case the victim was between three and five years of age at the time defendant repeatedly raped him. Because the victim's knowledge was imputed to the State and since the last act occurred on or before May 1985, defendant's indictment in 1993, when the victim was only twelve years old, was untimely. It is unlikely that a victim that young would have any conception he was the victim of a crime and would at most understand that the defendant hurt him; yet through a legal fiction we must assume the State had knowledge of these crimes at that time. In cases such as this, by the time the victim is actually able to understand or remember what happened to him, it is highly probable that the applicable statute of limitation period has expired. Without a tolling provision in such cases a defendant is far less likely to be convicted of a crime committed against a child if his victim is very young at the time of

---

[1] We note that our legislature recently adopted OCGA § 17-3-2.1 which extended the limitation period for certain offenses, including child molestation and aggravated child molestation, to provide that the limitation period does not begin to run until the victim has reached the age of 16. That Code section only applies to the designated offenses that are committed on or after July 1, 1992; therefore, the statute is not applicable to this case.

the crime. Certainly that is not a situation that should be promoted or encouraged.

OCGA § 17-3-2.1 evinces the legislature's intent that statutes of limitation for certain crimes against minors should be tolled by the infancy of the victim until such time as the victim is 16 years of age. In light of the legislature's decision that the limitation period for certain crimes should vary depending on the age of the victim, we now overrule our decision in *Sears v. State* to the extent the holding in that case is applicable to those crimes designated in OCGA § 17-3-2.1. As of the date of this opinion, infancy shall toll the statute of limitation for those crimes until the victim is 16 years of age or until the violation is reported to law enforcement authorities, whichever is earlier. Because the limitation period in this case has already expired and cannot now be revived, our decision to overrule *Sears v. State* does not affect the judgment in this case. 22 CJS, Criminal Law, § 197; see *Sobiek v. Superior Court of San Mateo County*, 28 Cal.App.3d 846 (106 Cal. Rptr. 516, 519) (1st Dist. 1972).

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Beasley, P. J., Andrews, Johnson, Blackburn, Smith, JJ., and Senior Appellate Judge Harold R. Banke concur in judgment only.*

DECIDED JUNE 17, 1994.

*Gilbert J. Murrah*, for appellant.
*J. Brown Moseley, District Attorney*, for appellee.