A99A1658. THE STATE v. SMITH.
(529 SE2d 423)

BARNES, Judge.

The State appeals the trial court's grant of Gregory Alan Smith's motion to dismiss. See OCGA § 5-7-1 (3). The State contends the trial court erred by finding that Smith's indictments were returned after the statute of limitation expired. Because the record establishes that the prosecution was commenced beyond the seven-year period prescribed in OCGA § 17-3-1 (c), however, we must affirm the trial court.

The indictments, all returned on December 2, 1998, allege that between January 1, 1989, and December 31, 1989, Smith committed incest, child molestation, and aggravated child molestation against his daughter and that at the time of the crimes she was under the age of 14. The indictments also allege that the crimes were first reported to a government agency within seven years before the return of the indictment.

Smith asserts correctly that OCGA § 17-3-2.1 does not apply in this case because crimes alleged in the indictments occurred before July 1, 1992. The State contends, however, that this court's decision in *Johnston v. State*, 213 Ga. App. 579, 580 (445 SE2d 566) (1994) (physical precedent), is applicable and that under the *Johnston* case the statute of limitation was tolled until the victim in this case reached her sixteenth birthday or until the violation was reported to the law enforcement authorities, regardless of the applicability of OCGA § 17-3-2.1.

Although the State's position appears to have merit initially, the *Johnston* case does not actually accomplish what it appears to do. For *Johnston* to be controlling authority, a majority of the nine judges on this court at the time would have had to concur fully in that opinion. This was not done. Instead, eight of the judges who considered *Johnston* concurred in the judgment only, and thus the case constitutes physical precedent. Court of Appeals Rule 33 (a). Therefore, *Johnston* merely decided the issues in that case and is not binding precedent. Id. As a result, *Johnston* did not overrule *Sears v. State*, 182 Ga. App. 480 (356 SE2d 72) (1987), and did not establish a tolling period. Accordingly, the trial court did not err by granting Smith's motion to dismiss based upon the expiration of the statute of limitation.

*Judgment affirmed. Eldridge, J., concurs. Blackburn, P. J., concurs specially.*

BLACKBURN, Presiding Judge, concurring specially.

I specially concur to demonstrate that *Johnston v. State*, 213 Ga. App. 579 (445 SE2d 566) (1994), has no persuasive authority in addition to the fact that it is not binding authority. On December 2, 1998, Gregory Alan Smith was indicted for the crimes of incest, child molestation, and aggravated child molestation. The indictment brought against Smith indicated both that Smith committed the crimes for which he was charged against his daughter between January 1, 1989, and December 31, 1989, and that Smith's daughter was under the age of 14 at the time of commission. On January 15, 1999, Smith filed a motion to dismiss the case against him, arguing that the return of the indictment was barred by the statute of limitation. OCGA § 17-3-1 (c) requires the commencement of the prosecution of

this case within seven years of December 31, 1989, the last possible date of any crime under the indictment. Any prosecution after December 31, 1996, was thus untimely. The indictments were returned December 2, 1998, and the trial court properly held that they were time-barred. OCGA § 17-3-1 (c) provides:

> Prosecution for felonies other than [murder and crimes punishable by death or life imprisonment] committed against victims who are at the time of the commission of the offense under the age of 14 years must be commenced within seven years after the commission of the crime.

OCGA § 17-3-2.1 provides:

> (a) If the victim of a violation of:
> (1) Code Section 16-5-70, relating to cruelty to children;
> (2) Code Section 16-6-1, relating to rape;
> (3) Code Section 16-6-2, relating to sodomy and aggravated sodomy;
> (4) Code Section 16-6-3, relating to statutory rape;
> (5) Code Section 16-6-4, relating to child molestation and aggravated child molestation;
> (6) Code Section 16-6-5, relating to enticing a child for indecent purposes; or
> (7) Code Section 16-6-22, relating to incest,
> is under 16 years of age on the date of the violation, the applicable period within which a prosecution must be commenced under Code Section 17-3-1 or other applicable statute shall not begin to run until the victim has reached the age of 16 or the violation is reported to a law enforcement agency, prosecuting attorney, or other governmental agency, whichever occurs earlier. Such law enforcement agency or other governmental agency shall promptly report such allegation to the appropriate prosecuting attorney.
> (b) *This Code section shall apply to any offense* designated in paragraphs (1) through (7) of subsection (a) of this Code section *occurring on or after July 1, 1992.*

(Code 1981, § 17-3-2.1, enacted by Ga. L. 1992, p. 2973, § 1.)

(Emphasis supplied.)

The latest date on which a crime was alleged to have been committed in this case was December 31, 1989. Thus, a prosecution which began on December 2, 1998, was well beyond the seven-year limitation period provided by OCGA § 17-3-1 (c). OCGA § 17-3-2.1, which provides for the tolling of the statute of limitation in certain

cases, but only for subject acts committed after July 1, 1992, has no application in this case.

The State relies on *Johnston v. State*, supra, as authority for the tolling of the statute of limitation in this case until such time as the victim reached 16 years of age or the violation was reported to law enforcement authorities. *Johnston* is a nine-judge whole court opinion, in which no judge joined the author's analysis. Eight judges concurred in the judgment only.

In *Johnston*, the defendant was indicted on May 5, 1993, for aggravated child molestation which allegedly occurred in May 1985. Because the indictment was returned more than seven years after the commission of the crime, this Court reversed the defendant's conviction because it was barred by the statute of limitation in OCGA § 17-3-1 (c). In a footnote, *Johnston* acknowledges that OCGA § 17-3-2.1 had no application to its outcome.

In the present case, the trial court ruled the same as this Court did in *Johnston*. *Johnston* recognized the clear meaning of the involved statutes and case law and properly applied them in reversing the conviction in *Johnston*. The *Johnston* opinion purports to "overrule our decision in *Sears v. State*[, 182 Ga. App. 480 (356 SE2d 72) (1987),] to the extent the holding in that case is applicable to those crimes designated in OCGA § 17-3-2.1." Id. at 580. *Sears*, in applying OCGA § 17-3-1, had held that the infancy of the victim does not toll the statute of limitation. By overruling *Sears*, the author in *Johnston* attempted to provide that the statute of limitation would be tolled under OCGA § 17-3-1 in cases decided after June 17, 1994, the date of the decision.

*Johnston*, supra at 580, states:

> OCGA § 17-3-2.1 evinces the legislature's intent that statutes of limitation for certain crimes against minors should be tolled by the infancy of the victim until such time as the victim is 16 years of age. In light of the legislature's decision that the limitation period for certain crimes should vary depending on the age of the victim, we now overrule our decision in *Sears v. State* to the extent the holding in that case is applicable to those crimes designated in OCGA § 17-3-2.1. As of the date of this opinion, infancy shall toll the statute of limitation for those crimes until the victim is 16 years of age or until the violation is reported to law enforcement authorities, whichever is earlier. Because the limitation period in this case has already expired and cannot now be revived, our decision to overrule *Sears v. State* does not affect the judgment in this case.

As *Johnston* is a one-judge analysis which has no precedential value, it is physical precedent only and does not overrule *Sears*, notwithstanding the language contained therein. See Court of Appeals Rule 33; OCGA § 15-3-1. In addressing a three-judge panel case, this Court held: "Since one judge concurred only in the judgment in *Hawkins* [*v. Greenberg*, 159 Ga. App. 302 (283 SE2d 301) (1981)], the case is not a binding precedent before this court." *Haynes v. Hoffman*, 164 Ga. App. 236, 237 (296 SE2d 216) (1982). *Sears* remains valid case law, where applicable, to subject acts committed prior to July 1, 1992. It is unnecessary to overrule *Johnston* as it did not overrule *Sears*, is not binding precedent, and has only that persuasive authority which others may choose to give it. This Court has no authority to overrule or rewrite the explicit provisions of OCGA § 17-3-1 requiring that prosecutions for certain felonies, which predate July 1, 1992, against minors under the age of fourteen be brought within seven years. To hold that the statute of limitation is tolled during minority would destroy the statutory scheme of OCGA § 17-3-1, which clearly contemplates the minority of the victim in the seven-year limitation period that applies to certain crimes where the *victims are fourteen years or under*. Had the legislature intended a different result, it could have amended OCGA § 17-3-1 to provide for tolling or omitted the date limitation from OCGA § 17-3-2.1 (b). The statutes involved here are unambiguous and require no interpretation. Although we may construe ambiguous statutes, we cannot manufacture ambiguity where a statute is clear and explicit on its face. *Cooper v. Edwards*, 235 Ga. App. 48, 50 (508 SE2d 708) (1998); *Tharpe v. State*, 207 Ga. App. 900 (1) (429 SE2d 342) (1993).

The analysis mandated by this case is plain. Smith was not indicted for crimes committed before July 1, 1992, until more than seven years had elapsed. As such, the case against him is barred by the statute of limitation in OCGA § 17-3-1 and *Sears*, supra, and it was properly dismissed by the trial court.

DECIDED FEBRUARY 9, 2000.

*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellant.
*James W. Bradley*, for appellee.