Filed 10/1/13  In re T.H. CA3

NOT **TO** **BE** **PUBLISHED**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| In re T.H., a Person Coming Under the Juvenile Court Law. | C068165 |
| THE PEOPLE, | (Super. Ct. No. JV118170) |
| Plaintiff and Respondent, | |
| v. | |
| T.H., | |
| Defendant and Appellant. | |

Following a contested jurisdictional hearing in 2011, the juvenile court found that in 2004, the minor,[1] T.H., committed first degree felony murder (Pen. Code, § 187, subd. (a)),[2] first degree robbery in concert (§§ 211/213, subd. (a)(1)(A)) and first degree burglary (§§ 459/460).  The minor contends the burglary adjudication must be reversed

---

[1] Although T.H. was not a minor by the time the matter was adjudicated, he was a minor at the time of the 2004 offenses and was prosecuted as a minor.

[2] Undesignated statutory references are to the Penal Code.

1

because it was barred by the statute of limitations. The People respond: (1) the record discloses evidence that would toll the statute of limitations; or (2) in the alternative, the matter should be remanded to the juvenile court for a determination of whether the prosecution was timely. The minor also contends the disposition minute order and commitment order must be corrected as they reflect an incorrect date of birth and presentence custody credits. The People concede these points. The petition shows on its face the prosecution of the burglary charge was time-barred and we cannot determine from the record on appeal whether the statute of limitations was tolled; accordingly, we must reverse and remand the matter to the juvenile court for a hearing on the statute of limitations. We also direct the juvenile court to ensure the correct date of birth and presentence custody credits are reflected in the disposition and commitment orders.

## FACTUAL BACKGROUND[3]

On the morning of July 3, 2004, Clayton Skinner's father and brother found Skinner dead inside his home. Skinner had 17 lacerations on his scalp, fractures to his skull and bruising and bleeding on the brain. Skinner also had blunt force injuries to his chest, back, arms and legs. After performing an autopsy, the medical examiner determined Skinner died from "blunt force head injuries."

In August 2005, a Welfare and Institutions Code section 602 petition alleged the minor, then age 14, had committed an unrelated attempted robbery. The minor failed to appear in court and the court issued a bench warrant. On November 21, 2005, the minor was taken into custody in Salt Lake City, Utah. His mother and family had moved there in September 2005. The minor was extradited from Utah to California. The minor admitted one count of misdemeanor battery. The juvenile court found the allegation true,

---

[3] The substantive facts underlying the adjudications are not relevant to any issue on appeal and are therefore only briefly recounted.

placed the minor on six months' probation and ordered him released to his mother to return to Utah.

On February 12, 2009 and February 25, 2009, law enforcement officers interviewed the minor in jail in Utah, where he was awaiting trial on charges in Utah. On June 11, 2009, the juvenile court issued an arrest warrant for the minor. The People filed a petition alleging the minor (who by then was 18 years old) had committed five felony offenses in 2004, when he was 13 years old. Specifically, the petition alleged the minor had committed the following offenses against Skinner: murder with malice aforethought (§ 187, subd. (a)—count one), the murder was committed during a home invasion robbery (§ 190.2, subd. (a)(17)) and the murder was committed during the commission of a residential burglary (§ 190.2, subd. (a)(17)); robbery in concert (§§ 211, 213, subd. (a)(1)(A)—count two); burglary (§ 459—count three); burglary in concert on June 26, 2004 (§§ 211, 213, subd. (a)(1)(A)—count four); and, assault with a deadly weapon and by means of force likely to produce great bodily injury on June 26, 2004 (§ 245, subd. (a)(1)—count five).

The juvenile court ordered the minor detained on December 21, 2009. Following a contested jurisdictional hearing, the trial court dismissed counts four and five—relating to the June 26, 2004 incidents—finding insufficient evidence to support those allegations. The court found true the allegations in counts one through three, murder, robbery in concert and burglary. The juvenile court adjudged the minor a ward of the juvenile court and committed him to the Department of Corrections and Rehabilitation, Division of Juvenile Facilities, for a maximum confinement term of 25 years to life on the murder adjudication, not to exceed the minor attaining 25 years of age. The juvenile court also imposed terms of six years each on counts two and three, to run concurrently, stayed execution of those terms under section 654 and awarded the minor 497 days of presentence custody credit.

## DISCUSSION

### I. Statute of Limitations—Burglary

The minor contends the burglary count (count three) must be reversed as it is barred by the statute of limitations.

The statute of limitations for first degree burglary is three years. (§§ 459, 460, subd. (a), 461, subd. (a), 801; *In re Gustavo M.* (1989) 214 Cal.App.3d 1485, 1493-1494.) In a criminal action, the statute of limitations is jurisdictional. Although a juvenile court proceeding is not a criminal action, the statute of limitations may also bar prosecution of a minor. (*In re Gustavo M.*, *supra*, 214 Cal.App.3d at p. 1493; *In re McGee* (1938) 29 Cal.App.2d 648, 649-650.) When a charging document shows on its face that the prosecution is barred by the applicable statute of limitations, it fails to state a public offense. The issue is not forfeited by a failure to raise it in the trial court. (*People v. Williams* (1999) 21 Cal.4th 335, 340-341; *In re McGee*, *supra*, 29 Cal.App.2d at pp. 649-650.)

The People did not plead facts alleging the statute of limitations was tolled, the juvenile court did not conduct any hearings on this issue, and the matter was not litigated in the jurisdictional hearing. On appeal, the Attorney General argues the statute of limitations may be tolled for up to three years if a defendant is out of state when or after the offense is committed. (§ 803, subd. (d).) Here, there are documents in the record which indicate the minor moved to Utah in September 2005 and was in custody in Utah in December 2009. As of December 18, 2009, the minor was arrested, transported and booked into the Sacramento County jail. He returned to California for court proceedings from December 2, 2005 to December 6, 2005. Other than those five days in December 2005, the record does not reflect where the minor lived between September 2005 and September 2008. This record is not adequate for us to determine whether the action is time-barred. Because the petition showed on its face the action was time-barred, the

juvenile court should have held a hearing on this issue.  Accordingly, we order the matter remanded for a hearing on whether the burglary charge was time-barred or the statute of limitations was tolled.  (*People v. Williams*, *supra*, 21 Cal.4th at p. 341.)

## II.  Corrections to the Disposition and Commitment Orders

The minor also contends the disposition minute order shows an incorrect date of arrest and thereby incorrect custody credits and the commitment order shows an incorrect date of birth.  The People concede these errors should be corrected.  As we are remanding the matter, we direct the juvenile court to correct the disposition and commitment orders to reflect the minor's correct presentence custody credits and date of birth, respectively.

## DISPOSITION

The judgment is reversed and the cause is remanded with directions to conduct a hearing to determine whether the burglary charge is time-barred.  If so, the  juvenile court shall dismiss the burglary charge in count three.  If not, the court shall reinstate the judgment.  The juvenile court shall also correct the disposition and commitment orders in accordance with this opinion.



                BUTZ             , Acting P. J.



We concur:



        MAURO       , J.



        MURRAY     , J.