Birdsong, Judge.
L. C., an 11-year-old male, was adjudicated a delinquent by the Superior Court of Decatur County and placed on probation in his home in the custody of his mother. The act of delinquency was an attempted burglary. L. C. enumerates as error the failure of the evidence to support the determination of delinquency and the validity of the order of probation. Held:
Stated as succinctly as possible, the facts show that a 59-year-old storekeeper was informed by her granddaughter that a trailer located some 100 or more feet from the store was being broken into by "some boys.” The storekeeper went to a side door and observed two young boys'apparently about 9 and 11, whom she positively identified, standing at the front door of the trailer. The larger of the two boys had a metal bar similar to a crowbar in his hand. The storekeeper observed L. C. standing at a shed approximately 50 to 100 feet away from the trailer. She called out to the two boys at the trailer to leave the trailer alone and in effect to get away from it. The storekeeper testified that she then heard L. C. call out words to the effect: "I told you not to because [the trailer owner] would get mad.” Examination of the trailer showed that the front door had been pried to such an extent that the aluminum door was bent and a louvre-type window had also been loosened. Evidence was presented that L. C. had falsely accused one of the other boys of taking a dollar from the store because that boy was going to blame L. C. for taking the dollar. It is not clear therefore that the alleged admission to a police officer that one of the other boys had "done it” related to the taking of the dollar or the attempted entry into the trailer. After the investigation had been completed, L. C. telephoned the owner of the trailer, with whom L. C. apparently had good relations, and stated "I did it all by myself,” or "I did it.” Again, it is not clear from the transcript whether L. C. was confessing to the attempted burglary or the alleged taking of a dollar from the store. Moreover, in the purported confession, L. C. stated that he was admitting that he "did it” because his mother was making him. Outside *308 the eyewitness testimony of the storekeeper, there is nothing in the transcript to connect the other two boys to the attempted burglary.
We are not confronted with the usual crime-confession-corpus delicti problem. Had the evidence shown nothing more than that a crime had been committed by someone, then the confession of L. C. would supply the missing link of identity. However, the corpus delicti relied upon by the trial court was established by the testimony of the storekeeper, and not from the mere fact that evidence showed an attempted entry. This is true because the trial court adjudicated the other two boys as delinquent and this could be done solely on the testimony of the eyewitness. But that eyewitness testimony placed the other two boys at the scene as being the ones attempting the entry and indicating that L. C., from a point some distance away, admonished the two boys that they "should not have done it” because the owner would be mad. There is no evidence that the three young boys had planned to effect entry or were seen together until after the episode was completed and then when they were being interrogated by a police officer. The eyewitness testimony therefore tended to exonerate L. C. as being involved. At best there was circumstantial evidence based upon L. C.’s presence near the attempted break-in that he might have been involved. That testimony however tends to show that he was nothing more than a bystander and even uttered "I told you so” words. We would conclude therefore that the more reasonable explanation of the evidence based upon the eyewitness testimony is that L. C. was not culpably involved in the act.
When we add to that mix the statement made by L. C. to the owner that "I did it all by myself,” we are faced with the limiting factor that L. C. said in the same admission that he made it because his mother was compelling him to do so. Upon coercion, a statement or confession does not remain free and voluntary. Compounding that inherent weakness of validity and authenticity, we are not able to determine from the transcript whether L. C. was admitting that he took a dollar or whether he was trying to say that he was solely involved in the attempted break-in. When we consider this questionable admission *309 in the light of the eyewitness testimony that the other two boys apparently were the only ones involved in the attempt to gain entry, we are relegated to the realm of conjecture as to what L. C. was admitting when he said he did it.
Submitted June 12, 1979
Decided September 12, 1979.
Rikard L. Bridges, for appellant.
Benjamin L. Bateman, District Attorney, for appellee.
Inasmuch as there is no direct evidence indicating that L. C. was involved in the attempted break-in, we are confronted with the rules dealing with circumstantial evidence. Where the evidence tends to sustain two inconsistent propositions, neither can be said to have been established by legitimate proof. Facts which are consistent with either of two opposing theories prove nothing. Ladson Motor Co. v. Croft, 212 Ga. 275 (92 SE2d 103); Federal Reserve Bank v. Haynie, 46 Ga. App. 522 (168 SE 112). Evidence which merely raises a speculation or conjecture of guilt is not sufficient as a matter of law to support a conviction. Woodall v. State, 235 Ga. 525 (221 SE2d 794); Taylor v. State, 135 Ga. App. 916 (219 SE2d 629). We conclude therefore that the evidence was insufficient to sustain the finding of delinquency. This conclusion renders moot the enumeration dealing with the propriety of the wording of the order establishing the length of the period of probation.

Judgment reversed.

Quillian, P. J., and Smith, J., concur.