66787. IN RE P. L. S.

CARLEY, Judge.
A petition was filed alleging that appellant was a delinquent child by reason of her commission of the offense of theft by shoplifting. A hearing was conducted on the petition, at the conclusion of which the juvenile court found that appellant was a delinquent child for the reason alleged in the petition. Pursuant to that finding, a dispositional hearing was held and appellant was committed to the Department of Human Resources for care and supervision. Appellant appeals.

1. The general grounds are enumerated. The evidence adduced at the adjudicatory hearing authorized the following findings: Appellant was observed entering a store in the company of several smaller chil-

dren, one of whom was carrying a shopping bag. The small boy carrying the bag was asked to leave it in the front of the store while he was inside. He initially complied with this request. However, the boy apparently retrieved the shopping bag from the front of the store without being observed and returned with it to the merchandise display area. A short time later, appellant and the boy left the store. The shopping bag was being carried by the boy, and, to outward appearances, was suspiciously less empty than when it had first been brought into the store. Within a brief period, appellant and the boy reentered the store. The boy was again carrying the shopping bag but it appeared to no longer contain as much as when it had been taken from the store only a few minutes before. At this point, suspicious employees were careful to insure that the shopping bag was not in the possession of the boy while he and appellant were together in the display area of the store. A quick search of the immediate area outside of the store failed to reveal any merchandise which might have been taken out of the store. However, when appellant and the other child left the store after their second visit, they were followed by the assistant manager. Appellant and the boy were observed leaving the roadway and entering the woods. The store manager followed and discovered appellant and the other child in close proximity to several items which had been taken from the store and apparently concealed in the woods. When confronted, appellant disavowed any knowledge of the stolen items and insisted that they had been taken by the other child. However, according to the store manager, at least one of the stolen items had been displayed in the store in such a manner that there would have been "no possible way" for the smaller children who accompanied appellant to have reached it.

This evidence authorized a finding that appellant was at least a party to the crime of theft by shoplifting. See generally *Callaway v. State*, 156 Ga. App. 598 (275 SE2d 158) (1980). "All questions as to reasonableness of the evidence are to be decided by the fact finder, and even though the evidence was circumstantial here, it was sufficient to exclude every reasonable hypothesis except that of guilt. Accordingly, we cannot disturb such finding unless we are supported by evidence [that appellant was] not guilty as a matter of law. [Cits.]" *D. O. D. v. State of Ga.*, 156 Ga. App. 301, 303 (274 SE2d 696) (1980). The finding that appellant committed a delinquent act is supported by sufficient evidence of record.

2. Appellant enumerates as error the juvenile court's dispositional decision to order commitment to the Department of Human Resources. No "explicit finding is required as to the need for treatment or rehabilitation, as long as the record shows that there is clear and convincing evidence which authorizes the judge's implicit finding (implied from his action committing the child . . .)" that such a dis-

position is appropriate. *A. C. G. v. State of Ga.*, 131 Ga. App. 156, 158-159 (205 SE2d 435) (1974). In the instant case, as in *A. C. G.*, there was sufficient clear and convincing evidence to support the dispositional decision that appellant was in need of treatment or rehabilitation. *A. C. G. v. State of Ga.*, supra at 159.

3. Although the issue was never raised below, on appeal, appellant asserts that the accusatory proceedings against her were conducted by a juvenile probation officer and that this was error. The state does not contest the assertion that it was a juvenile probation officer who conducted the delinquency proceedings against appellant. The state merely contends that no reversible error results from this fact.

The relevant statute provides as follows: "In any proceeding before the juvenile court, the judge, upon his own motion, may request the assistance of the district attorney or a member of his staff to conduct the proceedings on behalf of the petitioner. If for any reason the district attorney is unable to assist, the judge may appoint legal counsel for such purpose." OCGA § 15-11-28 (d). It is clear that a juvenile probation officer is not "the district attorney or a member of his staff . . ." Moreover, assuming that a juvenile probation officer were a licensed attorney and therefore could be considered as "legal counsel" within contemplation of OCGA § 15-11-28 (d), it is clear that he would still be otherwise unauthorized to conduct accusatory proceedings against a child before the juvenile court. "A probation officer may *not* conduct accusatory proceedings against a child who is or may be under his care or supervision . . ." OCGA § 15-11-8 (5). (Emphasis supplied.)

These prohibitions serve not only to protect the interests of the child; the entire juvenile court system benefits. First, it is fundamental that accusatory proceedings of any nature, juvenile or otherwise, should be conducted only by one who is licensed to practice law. Although a juvenile accusatory hearing is not a criminal proceeding, it is nonetheless a legal proceeding. We construe OCGA § 15-11-28 (d) as requiring, at the minimum, that "legal counsel" conduct juvenile accusatory proceedings. Second, the wisdom of the prohibition of OCGA § 15-11-8 (5) is obvious. It is clear that the official whose statutory responsibilities include the supervision and assisting of juveniles can best serve that remedial function if, insofar as possible, he remains an objective and unbiased figure in the eyes of those juveniles whom he supervises and assists. Accordingly, we have no hesitation in holding that it is error for a juvenile probation officer to conduct accusatory proceedings against a child "who is or may be under his care or supervision . . ."

The question yet remains, however, of the effect that appellant's failure to raise any objection in the juvenile court has upon her right

to rely upon the error as a basis for reversal. In this regard, we are compelled to conclude that appellant's objection to the competency of the probation officer to conduct the hearing comes too late. "It ought to have been made at least before the [delinquency proceedings] actually began." *Conley v. Arnold*, 93 Ga. 823, 825 (20 SE 762) (1894). Accordingly, we are constrained to affirm the adjudication of appellant's delinquency. However, we do not condone the employment of a juvenile probation officer to conduct accusatory proceedings against a juvenile in contravention of a clear statutory prohibition and will not hesitate to reverse judgments in cases where, over proper objection, such an unauthorized procedure is allowed.

*Judgment affirmed. Deen, P. J., and Banke, J., concur in Divisions 1 and 2. Deen, P. J., and Banke, J., also concur specially.*

DECIDED MARCH 2, 1984.

*Richard T. Taylor*, for appellant.
*Beverly B. Hayes, District Attorney, Glenda Lee, Assistant District Attorney*, for appellee.

DEEN, Presiding Judge, concurring specially.

While agreeing with Divisions 1 and 2 and the judgment affirming the juvenile court proceedings below, it should be observed that the issue discussed in Division 3 of the majority opinion was never raised below. Since the purpose of our court is to correct errors made below and since there were no objections made on this point, there is nothing for us to decide. "He may, therefore, not raise these issues on appeal." *Willis v. State*, 249 Ga. 261, 266 (290 SE2d 87) (1982).

I am authorized to state that Judge Banke joins in this special concurrence.