## 41339. TAYLOR v. THE STATE.
### (324 SE2d 460)

SMITH, Justice.

A Cobb County jury found appellant, Richard Taylor, guilty of the felony murder of Steven Patrick Hardy and the aggravated assault of Thurston Bearden.[1] Appellant was sentenced to life imprisonment for murder with a concurrent ten-year sentence for aggravated assault. Appellant enumerates ten errors based generally on insufficiency of the evidence, denial of admission of polygraph examination results into evidence, and the state's representation during trial that Bearden had no interest in the outcome of the trial. We affirm.

Appellant and a passenger had stopped at a traffic signal when Hardy's vehicle struck appellant's vehicle, swerved, and sped away. Hardy drove to his home, parked his vehicle in the driveway and went inside. Appellant sent his passenger to call the police and he waited outside Hardy's house. When Hardy came out of the house and walked toward his own vehicle, appellant moved his vehicle in front of Hardy's driveway to prevent Hardy from driving away. Appellant got out of his vehicle with his gun in his hand when he saw Hardy walking toward him. Appellant and Hardy began to argue about the earlier accident. Hardy started to walk away from appellant but ap-

---

[1] The crime was committed on November 10, 1983. The Cobb County jury returned its verdict of guilty on February 17, 1984. A motion for new trial was filed March 20, 1984, and an amended motion was filed on May 18, 1984. The motions were heard and overruled on May 31, 1984. Notice of appeal was filed June 20, 1984, and the transcript of evidence was filed on July 2, 1984. The record was docketed in this Court on July 13, 1984, and argued on September 19, 1984.

pellant grabbed Hardy by the arm, and Hardy responded by hitting appellant in the chest. At this point the testimony is conflicting.

Appellant testified that Hardy went wild and was swinging at him. He hit Hardy on the side of the head with his pistol and they fell to their knees fighting. Appellant heard Bearden yelling at him; he pushed Hardy down, stood up, and identified himself as a police officer.[2] Appellant testified that when he saw a pistol tucked in the waistband of Bearden's pants he dropped to his knees to recover his pistol that had fallen during the fight with Hardy. Appellant testified that as he turned to face Bearden he saw Bearden pointing the pistol at him and he shot Bearden in self-defense.

Appellant testified that Hardy then began pulling on him, and that he dropped to his knees in a fight with Hardy. As they were fighting he saw something that looked like a brown handle and Hardy tried to put his hand on it, but appellant grabbed him and they began to fight over the gun in appellant's hand. Appellant testified that he and Hardy were both kneeling on the ground when Hardy grabbed him on the right wrist with both of his hands and tried to turn appellant's hand so that the pistol would face appellant. When appellant felt the gun starting to turn toward him he pulled the trigger, shooting Hardy. Hardy fell and his head and shoulders hit the side of the street.

Bearden's testimony conflicted with appellant's. Bearden testified that when he ran out of the house he saw that appellant had Hardy down on the ground and was beating him in the face. Bearden testified that he ran over to Hardy and appellant, and kicked appellant in the shoulder to get him off of Hardy. As appellant rolled off of Hardy he came up holding a pistol in both hands, pointed it at Bearden, and began to fire. One bullet hit Bearden causing him to fall to the ground. Bearden testified that he was conscious all the time and that he fell facing Hardy. He testified that appellant then pointed the gun at Hardy and pulled the trigger. He also testified that appellant fired another shot in his direction after shooting Hardy.

Witnesses testified that Hardy had been lying on the ground not moving before appellant shot him. Handwiping analysis of Hardy for gunpowder residue on Hardy's hands and arms was negative. Witnesses also testified that neither Bearden nor Hardy had weapons of any kind. The only pistol police recovered from the scene of the crime was the .38 caliber pistol that belonged to appellant.

Dr. Joseph L. Burton, medical examiner in Cobb and DeKalb

---

[2] Appellant had been an Atlanta policeman for approximately two and a half years. He left the police force to go into private business. At the time of the shooting he had been rehired by the Atlanta Police Department to answer emergency calls, take reports over the telephone, and dispatch police cars. He had not been resworn as an officer, nor had he been issued a gun.

Counties, testified that the cause of death was a gunshot wound to the chest and abdomen. Dr. Burton testified that the bullet's horizontal path from the front to the back of Hardy's body was consistent with a gun being placed against his side and being fired while he was lying on the ground. He testified that the coat Hardy was wearing had three holes in it that were caused by one bullet, and that the entry hole had considerable carbon and powder around it. Dr. Burton illustrated his testimony with Hardy's jacket by folding the jacket over itself and showing how the holes in the jacket all lined up indicating one bullet caused all three holes. He further testified that it was most probable that Hardy was lying down at the time the shot was fired as the force of gravity otherwise would have caused the coat to fall down rather than remain folded over itself. Based on the wound, the wound track, and the appearance of the coat, it was his opinion that Hardy was lying down when he was shot.

1. Enumerations of error one through five all deal with alleged insufficiency of evidence to convict appellant of the murder of Hardy and aggravated assault of Bearden, and failure to grant a new trial.

Appellant attacks the credibility of the witnesses in his challenge to the sufficiency of evidence. "Issues regarding the credibility of witnesses are in the sole province of the jury. [Cit.] . . . The appellate court is restricted to determining the sufficiency of the evidence since only the jury may analyze what weight will be given each witness' testimony. [Cit.]" *Smith v. State*, 168 Ga. App. 148 (308 SE2d 429) (1983). Construing the evidence in the light most favorable to the verdict, we find that any rational trier of fact could have found appellant guilty beyond a reasonable doubt of the murder of Hardy and the aggravated assault of Bearden. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Therefore, these enumerations show no reversible error.

2. Appellant contends in enumerations of error five through nine that it was error for the trial court to deny appellant the right to present a polygraph examiner to testify as to the results of a polygraph examination taken by appellant.

There was no express stipulation by both parties, therefore, the results of the examination of appellant were inadmissible. *State v. Chambers*, 240 Ga. 76 (239 SE2d 324) (1977); *Williams v. State*, 251 Ga. 749, 803 (312 SE2d 40) (1983). We find no error.

3. Appellant contends as his last enumeration of error that the state represented that Bearden had no interest in the outcome of the trial. There is no merit to this enumeration.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 9, 1985 —
REHEARING DENIED JANUARY 29, 1985.

*Richard L. Powell*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn*, for appellee.