### 71073. CHILDS v. THE STATE.
(339 SE2d 311)

DEEN, Presiding Judge.

The appellant, Jerry Childs, was convicted of two counts of child molestation, two counts of attempted child molestation, and one count of statutory rape. On appeal, he contends that the trial court erred in admitting testimony of two witnesses recounting the appellant's alleged sexual abuse of them when they were small children, and that the trial court should have directed a verdict of acquittal.

The three victims were sisters, aged 9, 11, and 12 at the time of the alleged incidents of molestation, and the appellant was their uncle. All of the incidents occurred at the appellant's house or at the house of the victims' grandmother, who was the appellant's mother-in-law. The two molestation counts charged the appellant with having exposed himself to the 9-year-old child on one occasion and with having placed his hand on her breast on another. The two counts of attempted child molestation charged the appellant with trying to place his hand on the breast and down the pants of the 11-year-old child. The statutory rape count involved the 12-year-old sister.

Each child testified about the sexual conduct manifested by the appellant. The 9-year-old recalled the appellant standing naked in his bedroom shaking his penis at her, and another occasion when he had placed his hand on her breast. The 11-year-old remembered spending the night with her grandmother, and the appellant entering the bedroom and placing his hand down her night shirt; also, one time when she spent the night with the appellant's daughter, the appellant had tried to put his hand down her pants. The 12-year-old child testified that, on November 13, 1982, when she was sick in bed at her grandmother's house, the appellant had removed the bed covers, pulled up

her gown, and had sexual intercourse with her. Afterwards, he told her that no one would believe her if she ever told anyone what had happened. (She also recalled an earlier rape when she was 9 years old, and even earlier episodes when he had set her on his knees and offered her candy to play with his penis.)

Two other witnesses were allowed to testify over objection about sexual advances made by the appellant upon them when they were small children. One witness, whose uncle had married the sister of the appellant's wife, stated that when she was 8 years old (11 years before the trial), she had ridden a horse with the appellant, who had then tried to unfasten her shirt and pants. He had desisted when she protested, but he told her that her parents would no longer love her if she did not do as he wished. The other witness, who was 17 years old at the time of the trial and a cousin of the three victims, testified that approximately six years earlier the appellant had raped her in the house of the victims' grandmother. *Held*:

1. The appellant contends that the trial court erred in allowing the testimony of the two witnesses about the appellant's molestation of them when they were children, on the basis that these incidents, which occurred 11 and 6 years before the trial, were too remote and prejudicial. However, in condoning a liberal approach to admission of evidence of independent crimes in cases concerning sexual abuse of children, for the purpose of demonstrating intent, motive, plan, scheme, and bent of mind, this court has approved use of evidence of prior incidents far more remote than those in the instant case. *Whited v. State*, 173 Ga. App. 435 (326 SE2d 803) (1985) (16-year-old prior conviction); *Cox v. State*, 173 Ga. App. 422 (326 SE2d 796) (1985) (similar incidents 17 to 22 years earlier); *Copeland v. State*, 160 Ga. App. 786 (287 SE2d 120) (1982) (rape of daughter 12 years before rape of granddaughter). But compare *Pickelseimer v. State*, 154 Ga. App. 223 (267 SE2d 845) (1980), where this court held an 18-year-old conviction to be inadmissible because its probative value, with regard to showing intent, motive, etc., was only marginal at best.

In the instant case, it appears that the appellant had a scheme to prey upon every available female child within his family circle, and the prior incidents related by the two witnesses were extremely similar to the offenses for which he was tried and convicted. Accordingly, this case falls within the ambit of *Whited, Cox*, and *Copeland*, rather than *Pickelseimer*, and the evidence of the prior incidents was properly admitted. *Sparks v. State*, 172 Ga. App. 891, 893 (324 SE2d 824 (1984).

2. The appellant also contends that the trial court erred in not directing a verdict of acquittal on all counts, on the basis that the evidence was "inconsistent, illogical, and physically impossible as it supports two theories," citing *L. C. v. State of Ga.*, 151 Ga. App. 307

(259 SE2d 702) (1979). That case, however, involves the rule where the only evidence is circumstantial, and is obviously inapposite here. The testimony of the children/victims may have been confusing in part, but that is not an unusual predicament in cases of this nature, and reconciling or sifting through such testimony is a paramount function of the jury. Reviewing the evidence in the light most favorable to the verdict, we conclude that any rational trier of fact could have found the appellant guilty beyond a reasonable doubt of the child molestation, attempted child molestation, and statutory rape as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Taylor v. State*, 253 Ga. 727 (324 SE2d 460) (1985).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED DECEMBER 2, 1985 —
REHEARING DENIED DECEMBER 18, 1985.

*Rodger E. Davison*, for appellant.
*Lindsay A. Tise, Jr., District Attorney*, for appellee.