75470. IN THE INTEREST OF A. H.
(365 SE2d 858)

BIRDSONG, Chief Judge.

This is an appeal from a judgment of the Baldwin Juvenile Court adjudicating the child, A. H., a delinquent. In his order, the juvenile court judge held that the "allegations of said petition have been sustained" and found A. H. to be "in a state of delinquency." The allegations in the petition aver that A. H. committed one count of burglary and four counts of entering automobiles.

Appellant asserts as enumerated error that "[t]he evidence presented . . . was insufficient as a matter of law to find that appellant committed the delinquent acts alleged in the petition where there was no evidence establishing the corpus delecti of any of the offenses alleged in the petition." Our review of the transcripts "reveal ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that appellant was guilty" (*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)) of the offense of entering the automobile of Harold Dupus, with the intent to commit a felony or larceny therein. As to this particular offense, the evidence of record is sufficient to exclude every reasonable hypothesis except that of guilt. See *In re P. L. S.*, 170 Ga. App. 74 (1) (316 SE2d 175).

However, we find that the offense of burglary referred to in the delinquency petition had been withdrawn by the prosecution before the conclusion of the adjudicatory hearing, and that the evidence is insufficient to support an adjudication that appellant entered the automobile of Sam Howell and the two automobiles of Ben Reeves as alleged in the delinquency petition. See generally *L. C. v. State of Ga.*, 151 Ga. App. 307 (259 SE2d 702) (at best there was circumstantial evidence based upon L. C.'s presence near the attempted break-in that he might have been involved).

Accordingly, we will remand this case to the juvenile court for its adjudication of whether appellant is in a "state of delinquency" based on his commission of the offense of entering the automobile of Harold Dupus, and if so, what, if any, supervision, treatment or rehabilitation is needed by the appellant.

*Judgment reversed and case remanded with direction. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 22, 1988 —
REHEARING DENIED FEBRUARY 1, 1988.

*Shane M. Geeter*, for appellant.
*Joseph H. Briley, District Attorney*, for appellee.