A97A0263. IN THE INTEREST OF R. L. W. et al., children.
(483 SE2d 361)

JOHNSON, Judge.

R. L. W., E. E. P., and N. D. P. were adjudicated delinquent after the juvenile court found they committed acts which, had they been adults, would have supported convictions for criminal trespass to property. On appeal, they challenge the weight and sufficiency of the

evidence supporting the trial court's ruling.

1. Defendants claim the adjudications are strongly against the weight of the evidence. However, this Court determines only the sufficiency of evidence, not its weight. *Ellis v. State*, 211 Ga. App. 605, 612 (11) (440 SE2d 235) (1994).

2. In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juveniles committed the acts charged. *In the Interest of J. T. M.*, 200 Ga. App. 636, 637 (409 SE2d 256) (1991); see generally *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

These juveniles were accused of "keying" a truck belonging to the manager of a fast food restaurant. The manager testified that the juveniles drove up to the restaurant's drive-thru window, ordered food, and made certain comments to the cashier. The cashier asked the driver if he was old enough to drive. After answering affirmatively, the juveniles drove away. The manager went out to his red pickup truck to retrieve some paperwork. As he walked back to the restaurant, the manager saw the juveniles pull back into the parking lot and park three or four spaces from his truck. Concerned about the youths' actions, the manager and a cashier watched as all the juveniles congregated beside the truck. A few moments later, one of the youths walked to the drive-thru window, requested salt, and asked to whom the truck belonged. When the manager said the truck was his, the juvenile said, "sharp truck" and, along with the others, began laughing.

After the juveniles left, the manager went to his truck and discovered a 13-inch scratch and other small scratches on the passenger side. The manager testified that these scratches were not there when he arrived at work. He had looked at the side of the truck but had not seen these scratches when he went to the truck to retrieve paperwork, and he asserted he would have noticed a 13-inch white scratch on his red paint.

R. L. W. testified that he had asked the cashier for her phone number, and she asked if they were old enough to be driving, after which the manager warned the youths that he had their tag number. Each of the defendants testified they left the drive-thru window and parked in the space next to the manager's truck because one or more had to use the rest room. Each defendant explained that after R. L. W. opened his door and accidentally bumped the passenger side of the manager's truck, they inspected the truck and found no damage. They then moved their car four spaces away.

The evidence supports the juvenile court's finding, beyond a rea-

sonable doubt, that the defendants committed acts which would make each a party to the crime of criminal trespass. See generally OCGA § 16-7-21 (a). The factfinder could determine that the truck was not previously damaged and that the juveniles perceived the manager's comment that he had their tag number as a threat, giving the juveniles a motive to damage his truck. They had the opportunity to do so, as they were all gathered around the truck. The juveniles' subsequent comments and actions provide further evidence of their guilt. The court was entitled to disbelieve the youths' explanation, as the manager testified there were no empty spaces next to his truck in which the juveniles could have parked. " '[E]ven though the evidence was circumstantial here, it was sufficient to exclude every reasonable hypothesis except that of guilt. (Cit.)' [Cit.]" *In re P. L. S.*, 170 Ga. App. 74, 75 (1) (316 SE2d 175) (1984); see also *J. T. M.*, supra at 638-639. The juvenile court's finding of delinquency is, therefore, supported by sufficient evidence.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MARCH 6, 1997.

*Gregory Homer*, for appellants.

*J. Gray Conger, District Attorney, George E. Lipscomb II, Assistant District Attorney*, for appellee.