A00A0288. IN THE INTEREST OF G. P., a child.

(531 SE2d 162)

BLACKBURN, Presiding Judge.

Following an adjudicatory hearing in which he was found delinquent on the charge of burglary, G. P. appeals, contending that the evidence was insufficient to support the adjudication. For the reasons set forth below, we affirm.

On appeal, we view the evidence in the light most favorable to the adjudication to determine whether a rational trier of fact could have found that the juvenile committed the offense charged beyond a reasonable doubt. *In the Interest of R. L. W.*, 225 Ga. App. 253, 254 (483 SE2d 361) (1997); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). In addition,

> "[we] construe the evidence with every inference and presumption in favor of upholding the findings of the trier of fact, [and] issues of the credibility of the witnesses and the resolution of conflicts in the evidence fall within the province of the trial court."

*In the Interest of R. A. W.*, 197 Ga. App. 225 (398 SE2d 261) (1990).

Viewed in this light, the record shows that a portable compact disc player containing a CD by Usher was stolen from Glenda Petty's home between approximately 5:30 p.m. and 6:15 p.m. on the afternoon of May 20, 1999. As Petty approached her house that day, she noticed G. P. riding his bicycle away from her house and hiding something under his arm. Tracks in Petty's driveway appeared to match the tires of G. P.'s bicycle. Soon after she entered her house, Petty

realized that her CD player, still containing the CD by Usher, had been taken from her home.

A few minutes after discovering the theft, Petty drove into town where she happened to see G. P. attempting to pawn a CD player identical to the one stolen from her house. She also noticed that the CD player G. P. was holding contained a CD by Usher. When Petty entered the pawnshop and told G. P. she was going to call the police, he left with the CD player. Later, when questioned, G. P. admitted that he tried to pawn a CD player, but he claimed that he was doing so on behalf of someone named John whose last name he did not know. The CD player stolen from Petty's home was never recovered.

G. P. argues that this circumstantial evidence is not sufficient to support his adjudication for burglary. We disagree.

In cases such as this, circumstantial evidence is sufficient to support an adjudication of delinquency if it is inconsistent with the minor's innocence; however, only reasonable inferences of innocence need be excluded, not every one. *McGinnis v. State*, 183 Ga. App. 17, 19 (2) (358 SE2d 269) (1987).

G. P. argues that the testimony of a friend's mother that he was playing ball with her children at her home between 5:00 p.m and 6:00 p.m. on the afternoon when the burglary took place raises a reasonable inference of his innocence. G. P., however, admitted that he attempted to pawn a CD player on the date in question shortly after the burglary was committed, and there was direct testimony both that the CD player was identical to the one which was stolen and that it contained the same CD. As such, the circumstantial evidence in this case was consistent with G. P.'s guilt, and it was sufficient to support his adjudication of delinquency. See *Jackson v. Virginia*, supra. The fact that G. P. produced witnesses purporting to give him an alibi does not change this result.

[T]he credibility of witnesses is a question for the jury, and the evidence adduced by the State, which obviously was believed by the jurors, was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that [G. P. was] guilty of the offenses charged.

(Citation omitted.) *Roker v. State*, 262 Ga. 220, 221 (1) (416 SE2d 281) (1992).

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED MARCH 13, 2000.

*Carlton K. Nelson III*, for appellant.

*Ralph M. Walke, District Attorney, Judson Green IV, Assistant District Attorney*, for appellee.